**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.     Bar #: 153434
David C. Wakefield, Esq.      Bar #: 185736
Michelle L. Wakefield, Esq.   Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
E-Mail: TheodorePinnock@PinnockWakefieldLaw.com
        DavidWakefield@PinnockWakefieldLaw.com
        MichelleWakefield@PinnockWakefieldLaw.com
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiffs

FILED

08 JAN -8 PM 2: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>        **Plaintiffs,**<br><br>   v.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>        **Defendants.** | Case No. **08 CV 0046 JM JMA**<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3]<br><br>**DEMAND FOR JURY TRIAL**<br>[F.R.Civ.P. rule 38(b)] |

### INTRODUCTION

1.   Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS AND ITS MEMBERS; and DIANE CROSS, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern

1

District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

### JURISDICTION AND VENUE

2.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

### SUPPLEMENTAL JURISDICTION

3.    The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction

2

over the state claims as alleged in this Complaint pursuant to 28

U.S.C. § 1367(a). The reason supplemental jurisdiction is proper

in this action is because all the causes of action or claims

derived from federal law and those arising under state law, as

herein alleged, arose from common nucleus of operative facts. The

common nucleus of operative facts, include, but are not limited

to, the incidents where Plaintiffs were denied full and equal

access to Defendants' facilities, goods, and/or services in

violation of both federal and state laws when they attempted to

enter, use, and/or exit Defendants' facilities as described below

within this Complaint. Further, due to this denial of full and

equal access, OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF

DIANE CROSS and DIANE CROSS, An Individual, and other persons with

disabilities were injured. Based upon the said allegations, the

state actions, as stated herein, are so related to the federal

actions that they form part of the same case or controversy and

one would ordinarily expect the actions to be tried in one

judicial proceeding.

**NAMED DEFENDANTS AND NAMED PLAINTIFF**

4.    Defendants are, and, at all times mentioned herein, were, a

business or corporation or franchise organized and existing and/or

doing business under the laws of the State of California.

Plaintiff is informed and believes and thereon alleges that

Defendant HOME DEPOT U.S.A., INC. is the owner, operator,

franchiser, licensor, and/or is doing business as THE HOME DEPOT

#6679. Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT

#6679 is located at 10604 Westview Parkway, Mira Mesa, California

3

COMPLAINT
CASE #

92126, Assessor Parcel Number: 318-600-03. Plaintiff is informed and believes and thereon alleges that Defendant MIRA MESA MARKETPLACE WEST, LLC is the owner, operator, and/or lessor of the real property located at 10604-10678 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03. Defendant MIRA MESA MARKETPLACE WEST, LLC is located at 101 North Westlake Blvd., #201, Westlake Village, California 91362.

5.    The words Plaintiff, Plaintiffs, Plaintiff's Member, and Plaintiff's Members as used herein specifically include OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and DIANE CROSS, An Individual.

6.    Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; and MIRA MESA MARKETPLACE WEST, LLC.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.    Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege,

4

that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(b) AS TO ALL DEFENDANTS**

8.    Plaintiffs are members of a group within the State of California composed of persons with a wide range of disabilities, limited to persons who use wheelchairs for mobility, who must be able to access retail merchandise establishments, like Defendants' establishments located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03.  Plaintiffs are precluded from equal access to Defendants' establishments so meaningfully because the establishments, and each of them, fail to provide access for members of the disability community who use a wheelchair for mobility to the service counters, cashier checkout aisle, and women's restroom within the facility.  The Supreme Court of the United States has held as long as the class representative provides adequate representation for the class' interests, the court has the power to adjudicate the rights and obligations of all class members – even those who would otherwise be beyond the reach of its personal jurisdiction. Phillips Petroleum Co. v. Shutts, 472 US 797 (1985). This case stands for the proposition that minimum contacts are not required with nonresident members of a plaintiff class because, "the burdens placed by a State upon absent class action plaintiff are not of the same order or magnitude as those it places on an absent defendant." Id.  Plaintiffs allege they will insure class members

5

shall receive adequate notice of the proceedings and the opportunity to "opt out," if required

9.    Defendants have conducted themselves such as to establish a pattern and practice of architectural discrimination.  Plaintiffs allege that Defendants have control over each and every facility, establishment, and/or business located within the property located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03.  Accordingly, Plaintiffs allege Defendants are responsible for removing architectural barriers at Defendants' facilities and the establishments/businesses contained therein.

10.  For the aforementioned reasons, Plaintiffs allege they are proper class representatives for members of the disability community who use a wheelchair for mobility because the members of the disability community who use a wheelchair for mobility are so numerous that joinder is impracticable due to the fact more than one hundred (100) persons fall within the membership description. Also, the questions of law or fact are so common because the members of the disability community who use a wheelchair for mobility are being denied their civil rights under federal and state laws – that is, each member of the disability community who use a wheelchair for mobility suffered substantially similar violations relating to the service counters, cashier checkout aisle, and women's restroom within the facility.  Further, the claims or defenses of the representative parties are typical – Plaintiffs have the right to access facilities, establishments, and businesses like those within the property located at 10604

6

Westview Parkway, Mira Mesa, California 92126, Assessor Parcel
Number: 318-600-03, and the businesses that are located thereon
for many reasons including without limitation the purchase of
retail merchandise.  Defendants' facilities are open to the
general public and Plaintiffs have been denied access because of
violations, as outlined above and specifically addressed elsewhere
within this Civil Complaint.

11.  Additionally, Plaintiffs, as the named representatives, will
fairly and adequately represent the interests of the class because
Plaintiffs and the members of the disability community in the
State of California who use a wheelchair for mobility have
suffered substantially similar violations.  Finally, a pattern and
practice exists on the part of Defendants, and each of them, of
architectural discrimination at their public facilities located
within the State of California.  On information and good faith
belief, Plaintiffs thereon allege that Defendants, prior to the
passing of the Americans With Disabilities Act in 1992, conceived,
commissioned, designed, and implemented among other things, a
design for their public facilities, including, but not limited to
the service counters, cashier checkout aisle, and women's restroom
within the facility which do not meet the minimal standards
outlined under the federal regulations known as the Americans With
Disabilities Act Accessibility Guidelines ("ADAAG") and state
regulations, also known as Title 24 of the California Building
Code, and to which non-compliant plan they continue to utilize to
the injury of the members of the class.  For these reasons and the
facts as stated herein, Plaintiffs have the right to maintain this

7

COMPLAINT
CASE #

statewide class action pursuant to Fed.R.Civ.P. Rule 23(b).

## CONCISE SET OF FACTS

12.  Plaintiff OUTERBRIDGE ACCESS ASSOCIATION is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated.  Plaintiff's member DIANE CROSS is a member of Plaintiff Organization and has physical impairments and due to these physical impairments she has learned to successfully operate a wheelchair.  Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities including but not limited to:  walking.

13.  On January 26, 2007, Plaintiff CROSS went to Defendants' public accommodation facilities known as HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679, (hereinafter "THE HOME DEPOT #6679"), located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03, to utilize their goods and/or services accompanied by a friend.  When Plaintiff CROSS patronized Defendants' facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the service counters, cashier checkout aisle, and women's restroom facilities as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as THE HOME DEPOT #6679.

8

14.  Plaintiff CROSS personally experienced difficulty with said access barriers at THE HOME DEPOT #6679. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, the Special Service counter and the Contractor Service counter fail to be accessible, as they are impermissibly high and fail to provide disabled signage.

15.  There fails to be any designated accessible checkout aisles displaying the required signage.

16.  The women's restroom fails to be accessible, as the entrance door to the women's restroom requires an excessive amount of pressure to operate. The soap dispensers within the women's restroom fail to be accessible, as they are mounted too high. The feminine product dispenser within the women's restroom fails to be accessible, as a bench impermissibly blocks access to this dispenser.

17.  Plaintiffs can prove these barriers as Plaintiffs conducted a preliminary survey of Defendants' facilities. Plaintiff Association alleges that its visually and hearing impaired members desire to go to Defendants' facility but cannot because of lack of auxiliary aids.  Plaintiffs specifically allege that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access.  First, Plaintiffs will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional.  Second, due to the abundance of ADA information and constant news covers of ADA

9

lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiffs allege any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features. Plaintiffs allege businesses often state that they have few customers with disabilities. Plaintiffs allege such customers avoid patronizing inaccessible business and are deterred from patronizing such businesses.

18. Plaintiff's Member and Plaintiff DIANE CROSS intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiffs' Member and Plaintiff DIANE CROSS is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

19. Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed

COMPLAINT
CASE #

to remove architectural barriers.

20.  Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' facilities.  Plaintiff's Member and Plaintiff DIANE CROSS was extremely upset due to Defendants' conduct.

### NOTICE

21.  Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. Skaff v Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007), see also Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

22.  HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

23.  Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

24.  Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or

11

services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

25.  Plaintiff's Member and Plaintiff DIANE CROSS has physical impairments as alleged in ¶ 12 above because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff's Member and Plaintiff DIANE CROSS cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff's Member and Plaintiff DIANE CROSS has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

26.  Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a

12

COMPLAINT
CASE #

public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

27.  Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

28.  Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

29.  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

COMPLAINT
CASE #

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

30.  Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

31.  Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Defendants failed and refused to provide a

14

COMPLAINT<br>CASE #

reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

32.  Based on the facts plead at ¶¶ 12 - 20 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

33.  WHEREFORE, Plaintiffs pray for judgment and relief as

COMPLAINT
CASE #

hereinafter set forth.


SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

34.    Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities.

35.    These violations denied Plaintiff's Member and Plaintiff DIANE CROSS full and equal access to Defendants' facility. Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff DIANE CROSS was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.


CLAIM II: **Failure To Modify Practices, Policies And Procedures**

36.    Based on the facts plead at ¶¶ 12 - 20 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering

16

and utilizing Defendants' services as required by Civil Code §
54.1.   Thus, Plaintiff's Member and Plaintiff DIANE CROSS was
subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

37.   Based on the facts plead at ¶¶ 12 - 20 above and elsewhere
herein this complaint and because Defendants violated the Civil
Code § 51 by failing to comply with 42 United States Code §
12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and
continue to discriminate against Plaintiffs and persons similarly
situated in violation of Civil Code §§ 51, 52, and 54.1.

38.   Based on the facts plead at ¶¶ 12 - 20 above, Claims I, II,
and III of Plaintiffs' Second Cause Of Action above, and the facts
elsewhere herein this complaint, Plaintiffs will suffer
irreparable harm unless Defendants are ordered to remove
architectural, non-architectural, and communication barriers at
Defendants' public accommodation.   Plaintiffs allege that
Defendants' discriminatory conduct is capable of repetition, and
this discriminatory repetition adversely impacts Plaintiffs and a
substantial segment of the disability community.   Plaintiffs
allege there is a state and national public interest in requiring
accessibility in places of public accommodation.   Plaintiffs have
no adequate remedy at law to redress the discriminatory conduct of
Defendants.   Plaintiffs desire to return to Defendants' places of
business in the immediate future.   Accordingly, the Plaintiffs
allege that a structural or mandatory injunction is necessary to
enjoin compliance with state civil rights laws enacted for the
benefit of individuals with disabilities.

COMPLAINT
CASE #

39.  Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

40.  Defendants, each of them respectively, at times prior to and including, the month of January of 2007, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiffs and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs and of other similarly situated persons, justifying an

COMPLAINT
CASE #

award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41.   Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

42.   Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiffs do not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43.   Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

**DEMAND FOR JUDGMENT FOR RELIEF:**

A.   For general damages pursuant to Cal. Civil Code §§ 52 or

19

COMPLAINT
CASE #

54.3;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.    For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities;

E.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Code of Civil Procedure §§ 1032 and 1033.5;

F.    For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

G.    A Jury Trial and;

H.    For such other further relief as the court deems proper.

Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: January 8, 2008

By: _Michelle L. Wakefield_
THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs

COMPLAINT
CASE #

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I.(a) PLAINTIFFS**
OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual, Plaintiffs,

**DEFENDANTS**
HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; AND DOES 1 THROUGH 10, Inclusive

FILED
'08 JAN -8 PM 2:16

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michelle L. Wakefield, Esq.    SBN: 200424
Theodore A. Pinnock, Esq.    SBN: 153434
PINNOCK & WAKEFIELD, A.P.C.
3033 Fifth Ave., Suite 410, San Diego, CA  92103
Telephone:  (619) 858-3671; Facsimile:  (619) 858-3646

**ATTORNEYS (IF KNOWN)**

'08 CV 0046 JM JMA

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Initrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice: |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**
To Be Determined At Trial

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

**DATE** January 8, 2008

**SIGNATURE OF ATTORNEY OF RECORD**
_Michelle L. Wakefield_

PAID #350  1/8/08 BY RCPT #146224

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146224    — BH**

**January 08, 2008
14:16:19**

**Civ Fil Non—Pris**
USAO #.: 08CV0046 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                     $350.00 CC

**Total—>   $350.00**

FROM: OUTERBRIDGE V. HOME DEPOT ET A
      CIVIL FILING
      VISA AUTH#014125