1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  ALANA R. CHO (SBN 254730)
   3161 Michelson Drive, Suite 1000
3  Irvine, California 92612
   Telephone: (949) 732-6500
4  Facsimile: (949) 732-6501
   Email: hurleyg@gtlaw.com; choa@gtlaw.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9

10 OUTERBRIDGE ACCESS                    CASE NO.  08CV 0046 JM JMA
   ASSOCIATION, SUING ON BEHALF OF
11 DIANE CROSS; and DIANE CROSS, an
   individual,                           **ANSWER OF DEFENDANT HOME
12                                       DEPOT U.S.A., INC.  TO PLAINTIFFS'
              Plaintiffs,                COMPLAINT**
13
   vs.
14
   HOME DEPOT U.S.A., INC. dba THE
15 HOME DEPOT #6679; MIRA MESA
   MARKETPLACE WEST, LLC; and DOES
16 1 through 10, inclusive,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby answers the Complaint filed by plaintiffs Outerbridge Access Association, suing on behalf of Diane Cross, and Diane Cross, as an individual (collectively "Plaintiffs") (the "Complaint") as follows:

## INTRODUCTION

1.   Answering paragraph 1 of the Complaint, paragraph 1 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant admits the averment contained in the first sentence of paragraph 1, on page 1 at lines 22-25 (1:22-25) that Plaintiffs have filed a complaint in the United States District Court of the Southern District of California. Defendant denies each and every other averment contained in the first sentence of paragraph 1 at 1:22-2:4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 1, and on that basis denies them.

## JURISDICTION AND VENUE

2.   Answering paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment.

## SUPPLEMENTAL JURISDICTION

3.   Answering paragraph 3 of the Complaint, Paragraph 3 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 3.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.   Answering paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fourth sentence of paragraph 4 at 3:27-4:1 and the fifth sentence of paragraph 4 at 4:4 that the assessor parcel number is 318-600-03, and on that basis denies them. Defendant admits the other averments contained in paragraph 4.

5.   Answering paragraph 5 of the Complaint, Defendant admits the averments contained therein.

///

6. Answering paragraph 6 of the Complaint, Defendant admits the averment contained in the third sentence of paragraph 6 at 4:16-17 that Plaintiffs have sued Does 1 through 10 by fictitious names. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 6, and on that basis denies them.

7. Answering paragraph 7 of the Complaint, Defendant denies each and every averment contained in the second sentence of paragraph 7 at 4:27-5:3. Defendant admits the averment contained in the first sentence of paragraph 7 at 4:21-26 that Defendants were the owner, lessor, lessee, franchisor, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 7, and on that basis denies them.

## STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23(b) AS TO ALL DEFENDANTS

8. Answering paragraph 8 of the Complaint, Paragraph 8 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in the second sentence of paragraph 8 at 5:11-16. Defendant admits the averment contained in the first sentence of paragraph 8 at 5:10-11 that there is a Home Depot establishment located at 1064 Westview Parkway, Mira Mesa, California, 92126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in the first sentence of paragraph 8 at 5:6-11 and the fifth sentence of paragraph 8 at 5:27-6:2, and on that basis denies them.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every averment contained in the first sentence of paragraph 9 at 6:3-4 and the third sentence of paragraph 9 at 6:8-11. Defendant admits the averment contained in the second sentence of paragraph 9 at 6:7 that there is a Home Depot establishment located at 1064 Westview Parkway, Mira Mesa, California, 92126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 9, and on that basis denies them.

10. Answering paragraph 10 of the Complaint, paragraph 10 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is

necessary, Defendant denies the averments contained in the first sentence of paragraph 10 at 6:12-17 and the second sentence of paragraph 10 at 6:18-24 and the averment contained in the fourth sentence of paragraph 10 at 7:5-7 that Plaintiffs have been denied access to Defendant's facilities. Defendant admits the averment contained in the fourth sentence of paragraph 10 at 7:4-5 that Defendant's facilities are open to the general public. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 10, and on that basis denies them.

11.  Answering paragraph 11 of the Complaint, paragraph 11 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 11.

**CONCISE SET OF FACTS**

12.  Answering paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

13.  Answering paragraph 13 of the Complaint, paragraph 13 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 13 at 8:12-17 and the averment in second sentence of paragraph 13 at 8:17-18 that Plaintiff Cross patronized Defendant's facilities, and on that basis denies them.   Defendant denies each and every other averment contained in paragraph 13.

14.  Answering paragraph 14 of the Complaint, Defendant denies each and every averment contained in paragraph 14.

15.  Answering paragraph 15 of the Complaint, Defendant denies each and every averment contained in paragraph 15.

16.  Answering paragraph 16 of the Complaint, Defendant denies each and every averment contained in paragraph 16.

17.  Answering paragraph 17 of the Complaint, paragraph 17 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first sentence of paragraph 17 at 9:17-18 that Plaintiffs conducted a

3

preliminary survey of Defendant's facilities and the averment contained in the second sentence of paragraph 17 at 9:18-20 that Plaintiffs desire to go to Defendant's facilities, and on that basis denies them.  Defendant denies each and every other averment contained in paragraph 17.

18. Answering paragraph 18 of the Complaint, Defendant denies each and every averment contained in the second sentence of paragraph 18 at 10:18-20.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 18 at 10:16-18, and on that basis denies them.

19. Answering paragraph 19 of the Complaint, paragraph 19 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 19.

20. Answering paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 20.

**NOTICE**

21. Answering paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

**WHAT CLAIMS PLAINTIFFS ARE ALLEGING**

**AGAINST EACH NAMED DEFENDANT**

22. Answering paragraph 22 of the Complaint, Defendant admits the averments contained in paragraph 22 of the Complaint.

23. Answering paragraph 23 of the Complaint, paragraph 23 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 23.

///
///
///
///
///

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### Claims Under the Americans With Disabilities Act of 1990

### CLAIM I AGAINST ALL DEFENDANTS: Denial of Full and Equal Access

24. Answering paragraph 24 of the Complaint, paragraph 24 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant admits the averment contained in the second sentence of paragraph 24 at 11:25-27 that Home Depot #6679 is open to the public. Defendant denies each and every other averment contained in paragraph 24.

25. Answering paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25, and on that basis denies them.

### CLAIM II AGAINST ALL DEFENDANTS:

### Failure to Make Alterations in Such a Manner That The Altered Portions of the Facility Are Readily Accessible and Usable By Individuals With Disabilities

26. Answering paragraph 26 of the Complaint, paragraph 26 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 26.

27. Answering paragraph 27 of the Complaint, paragraph 27 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 27.

28. Answering paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 28.

29. Answering paragraph 29 of the Complaint, paragraph 29 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 29.

### CLAIM III AGAINST ALL DEFENDANTS:

### Failure To Remove Architectural Barriers

30. Answering paragraph 30 of the Complaint, paragraph 30 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 30.

### CLAIM IV AGAINST ALL DEFENDANTS:

### Failure to Modify Practices, Policies and Procedures

31. Answering paragraph 31 of the Complaint, paragraph 31 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 31.

32. Answering paragraph 32 of the Complaint, paragraph 32 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fifth sentence of paragraph 32 at 15:22-23, and on that basis denies them. Defendant denies each and every remaining averment contained in paragraph 32.

33. Answering paragraph 33 of the Complaint, paragraph 33 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS

### CLAIM I AGAINST ALL DEFENDANTS:

### Denial of Full and Equal Access

34. Answering paragraph 34 of the Complaint, paragraph 34 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained paragraph 34.

35. Answering paragraph 35 of the Complaint, paragraph 35 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 35.

///

## CLAIM II AGAINST ALL DEFENDANTS:

## Failure to Modify Practices, Policies and Procedures

36. Answering paragraph 36 of the Complaint, paragraph 36 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 36.

## CLAIM III AGAINST ALL DEFENDANTS:

## Violation Of The Unruh Act

37. Answering paragraph 37 of the Complaint, paragraph 37 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 37.

38. Answering paragraph 38 of the Complaint, paragraph 38 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fifth sentence of paragraph 38 at 17:23-24, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 38.

39. Answering paragraph 39 of the Complaint, paragraph 39 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

## Treble Damages Pursuant to Claims I, II, and III

## Under the California Accessibility Laws

40. Answering paragraph 40 of the Complaint, paragraph 40 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 40.

41. Answering paragraph 41 of the Complaint, paragraph 41 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 41.

42. Answering paragraph 42 of the Complaint, paragraph 42 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 42.

43. Answering paragraph 43 of the Complaint, paragraph 43 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

## ADDITIONAL DEFENSES

44. As separate and additional defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

45. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

46. Plaintiffs lack standing to pursue their alleged claims.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

47. Plaintiffs are barred from pursuing their alleged claims because they are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

48. The purported architectural barriers provide effective access to the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Were Not Readily Achievable)

49. Any allegedly wrongful acts or omissions performed by Defendant or its agent, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers was not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

50. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

8

Answer of Defendant Home Depot U.S.A., Inc.   Case No. 08 CV 0046 JM JMA
OC286,220,780v3 072031.012700

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible To the Maximum Extent Feasible)

51.   Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any and all alterations to the facility, if any, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

**EIGHTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function Is Disproportionate to the Cost of the Overall Alteration)

52.   Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

53.   Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services via alternative methods other than the removal of alleged architectural barriers.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith Reliance Upon Local Building Authorities)

54.   Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

///

///

///

///

9

Answer of Defendant Home Depot U.S.A., Inc.                                       Case No. 08 CV 0046 JM JMA
OC286,220,780v3 072031.012700

## ELEVENTH AFFIRMATIVE DEFENSE

(Recovery of Prevailing Party Attorney's Fees)

55. Pursuant to 42 U.S.C. § 12205, in the event that Defendant prevail in this action, Defendant should be awarded its reasonable attorney's fees and costs incurred in the defense of this action.

## TWELFTH AFFIRMATIVE DEFENSE

(Privilege)

56. Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Building Permits)

57. The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

58. Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

59. Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Waiver)

60. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

61. Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Preemption)

62. Plaintiffs' state law claim is preempted by federal law.

## NINETEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

63. Plaintiffs' alleged claim is barred, in whole or in part, because of their failure to name an indispensable party or parties.

## TWENTIETH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

64. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Misapplication of Section 51 of the California Civil Code)

65. Plaintiffs are barred from recovery under California Civil Code Section 51 because such section does not apply to the alleged conduct at issue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Plead Facts Sufficient to Support Treble or Punitive Damages)

66. Plaintiffs are not entitled to recover treble or punitive damages and any averments with respect thereto should be stricken because:

    a. Plaintiffs have failed to plead facts sufficient to support averments of oppression, fraud and/or malice; and/or

    b. Plaintiffs have failed to plead facts sufficient to support averments of gross or reckless

disregard for the rights of Plaintiffs or that Defendant was motivated by evil motive or intent; and/or

      c.     Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

67.    The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiffs were for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disability or other asserted protected status.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Damages)

68.    Defendant is informed and believes and based thereon alleges that Plaintiffs have not suffered any damage as a result of any actions taken by Defendant, and Plaintiffs are thereby barred from asserting any claim against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

69.    Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

70.    Plaintiffs' alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Reservation of Defenses)

71. Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

**PRAYER**

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by way of their Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

**HOME DEPOT USA, INC.'S DISCLOSURE STATEMENT**

**PURSUANT TO FRCP 7.1.**

The undersigned, counsel of record for Defendant HOME DEPOT U.S.A., INC., certifies that the following listed parties are known to counsel to have a direct, pecuniary interest in the outcome of this case.

1. Outerbridge Access Association          Plaintiff
2. Diane Cross                              Plaintiff
3. Home Depot U.S.A., Inc.                  Defendant

DATED: February 11, 2008          GREENBERG TRAURIG, LLP

By  s/Gregory F. Hurley
GREGORY F. HURLEY
ALANA R. CHO
Attorneys for Defendant
Home Depot U.S.A., Inc.
E-mail:  hurleyg@gtlaw.com

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On February 11, 2008, I served the **ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFFS' COMPLAINT** with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Pinnock & Wakefield, APC<br>Theodore A. Pinnock<br>David C. Wakefield<br>Michelle L. Wakefield<br>3033 Fifth Avenue, Suite 410<br>San Diego, CA 92103<br>Email:<br>theodorepinnock@pinnockwakefieldlaw.com;<br>davidwakefield@pinnockwakefieldlaw.com;<br>michellewakefield@pinnockwakefieldlaw.com; | Counsel for Plaintiffs<br>OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS, and Diane Cross |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2008, at Irvine, California.

                                      s/Gregory F. Hurley
                                      GREGORY F. HURLEY