EXHIBIT C

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RONALD WILSON,                              CASE NO. 06CV1046 WQH (NLS)

12                              Plaintiff,       ORDER DECLINING
                                                 SUPPLEMENTAL JURISDICTION
13        vs.                                    OVER PLAINTIFF'S STATE LAW
                                                 CLAIMS
14   PFS, LLC dba McDONALD'S # 23315; PFS
     MANAGEMENT CO. INC.; McDONALD'S
15   CORPORATION,

16                              Defendants.

17

18   HAYES, Judge:

19        Pending before the Court is Defendants' motion to dismiss for lack of jurisdiction.  (Doc. #

20   35).  The Court finds this matter suitable for submission on the papers and without oral argument

21   pursuant to Civil Local Rule 7.1(d)(1).

22                          **PROCEDURAL BACKGROUND**

23        On May 11, 2006, Plaintiff Ronald Wilson filed the Complaint in this matter, asserting federal

24   Americans with Disability Act (ADA) claims as well as California state law claims pursuant to the

25   Disabled Person Act (DPA), the Unruh Civil Rights Act (Unruh Act), and the California Health &

26   Safety Code against Defendants PFS, LLC, PFS Management Co. Inc., and McDonald's Corporation.

27   (Doc. # 1).  On July 14, 2007, Defendants PFS, LLC and PFS Management Co. Inc. moved to dismiss

28   the Complaint for lack of subject matter jurisdiction and failure to state a claim.  (Doc. # 7).  On

     November 2, 2006, this Court denied the motion to dismiss, and exercised supplemental jurisdiction

1 over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. (Doc. # 25). In exercising

2 supplemental jurisdiction over Plaintiff's state law claims, the Court concluded that the state law

3 issues were neither novel or complex. (Doc. # 25).

4       On November 21, 2006, Defendant McDonald's Corporation answered the Complaint and

5 asserted affirmative defenses. (Doc. # 29). Thereafter, between November 28, 2006, and January 22,

6 2007, the parties participated in an early neutral evaluation and a case management conference.

7 (Docs. # 31-34). On January 28, 2007, Defendants PFS, LLC and PFS Management Co. Inc. filed the

8 pending motion to dismiss for lack of jurisdiction. (Doc. # 35). On February 20, 2007, Defendant

9 McDonald's Corporation joined the motion to dismiss filed by PFS, LLC and PFS Management Co.

10 Inc. (Doc. # 37).

11 **ALLEGATIONS OF THE COMPLAINT**

12       Plaintiff Ronald Wilson is physically disabled and requires the use of a walking device,

13 wheelchair, and mobility-equipped van when traveling in public. *Complaint*, ¶ 8. Plaintiff visited the

14 McDonald's restaurant at 570 W. San Marcos Blvd., in San Marcos, and encountered physical and

15 intangible barriers which denied Plaintiff full and equal enjoyment of the restaurant in violation of

16 Title III of the ADA. *Compl.*, ¶ 10. The encountered barriers deter Plaintiff from visiting the

17 McDonald's in San Marcos because Plaintiff knows that the restaurant's accommodations are

18 unavailable to physically disabled patrons such as himself. *Compl.*, ¶ 11.

19 **STANDARD OF REVIEW**

20       "[I]n any civil action of which the district courts have original jurisdiction, the district courts

21 shall have supplemental jurisdiction over all other claims that are so related to claims in the action

22 within such original jurisdiction that they form part of the same case or controversy under Article III

23 of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case

24 or controversy when it shares a 'common nucleus of operative fact' with the federal claims . . . ."

25 *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). A district court may decline to exercise

26 supplemental jurisdiction over a state law claim if:

27          (1) the claim raises a novel or complex issue of State law,

28          (2) the claim substantially predominates over the claim or claims over which the
district court has original jurisdiction,

1    (3) the district court has dismissed all claims over which it has original jurisdiction, or

2    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c); *see also Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *3 (S.D. Cal. Mar. 6, 2007). In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Executive Software North America, Inc. v. USDC for the Cent. Dist. of Calif.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotations omitted).

## DISCUSSION

Defendants contend that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the state law claims substantially predominate over the single federal claim. In addition, Defendants contend that Plaintiff's state law claims present novel and complex issues of state law in light of the recent California Court of Appeal decision in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006). *Gunther*, which was decided seven days before the Court issued its previous order exercising supplemental jurisdiction, held that CAL. CIV. CODE § 52's statutory damages provision requires proof of intentional discrimination. Neither party brought *Gunther* to the attention of the Court prior to the Court's decision to exercise supplemental jurisdiction.

Plaintiff attempts to harmonize conflicting state cases related to the Unruh Act and contends that this Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims.[1]

The Complaint includes one federal claim and three state claims pursuant to the DPA, the Unruh Act, and the California Health and Safety Code. The underlying factual allegations are the same for all of Plaintiff's claims, and therefore Plaintiff's state law claims share the requisite "common nucleus of operative facts" with the federal claim to allow this Court to exercise jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See Organization for the Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005).

---

[1] Plaintiff argues at the outset that the law of the case doctrine precludes this Court from reviewing this matter further. However, a court may review its past decisions notwithstanding the law of the case doctrine where the law and or relevant circumstances have changed. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citations omitted).

06CV1046 WQH (NLS)

### I. The Unruh Act & California Civil Code § 52

In requesting that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, Defendants highlight and stress the unsettled nature of California's Unruh Act and CAL. CIV. CODE § 52 in the wake of *Gunther*. Specifically, Defendants note that cases conflict over whether the Unruh Act's damages provision requires proof of intentional discrimination.

Whether the Unruh Act and CAL. CIV. CODE § 52 require proof of intentional discrimination to obtain statutory minimum damages is a question which has divided state and federal courts. The California Supreme Court first addressed the question in *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 fn. 12 (1985), noting in a footnote that the Unruh Act did not require proof of discriminatory intent. However, six years later the issue squarely presented itself again in *Harris v. Capital Growth Investors*, 52 Cal. 3d 1142, 172-73 (1991), where after reviewing the statute in detail, the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations . . . ." While *Harris* resolved the issue for a short time, the California State Legislature promptly amended CAL. CIV. CODE § 51 in 1992, and added a provision which provides that a defendant violates the Unruh Act whenever it violates the ADA. CAL. CIV. CODE § 51(f). The amendment raised the question whether CAL. CIV. CODE § 52's damages provision, as read in conjunction with CAL. CIV. CODE § 51, required proof of intentional discrimination.

In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded *Harris*, and held that where a defendant violates the ADA, damages can be awarded under the Unruh Act regardless of whether a Plaintiff can prove intentional discrimination. *Lentini v. Calif. Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). In 2006, however, the California Court of Appeal noted that *Harris* was still viable, rejected *Lentini* as an improper interpretation of California law, and held that CAL. CIV. CODE § 52's damages provision required proof of intentional discrimination. *Gunther*, 144 Cal. App. 4th at 252-57. Since *Gunther*, at least one federal court has followed *Lentini* and disregarded *Gunther*, *see Wilson v. Haria and Gogri Corp.*, No. CIV.S-05-1239 LKK/DAD, 2007 WL 851744, *6-11 (E.D. Cal. Mar. 22, 2007), and other courts have noted the unsettled nature of the Unruh Act's damages provision and declined to exercise supplemental

1  jurisdiction over state Unruh Act and DPA claims. *See e.g. Cross v. Pacific Coast Plaza Investments,*

2  *L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *4-5 (S.D. Cal. Mar. 6, 2007).

3       This Court concludes that Plaintiff's state law claims are more appropriately resolved by state

4  courts in light of *Gunther* and the current state of California state disability law.  At this point in time,

5  the Unruh Act's remedial provisions present novel and complex matters of state law that are "better

6  left to the California courts" for interpretation and decision. *Cross*, No. 06 CV 2543 JM (RBB), 2007

7  WL 951772, *5 (S.D. Cal. Mar. 6, 2007); *citing Brick Oven Restaurant*, 406 F. Supp. 2d at 1130.

8  Furthermore, the Court concludes that interests of comity have become more compelling as courts

9  "struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh

10  Act." *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5 (S.D. Cal. Mar. 6, 2007).  Though the

11  Court has the power to retain jurisdiction over the state law claims, the Court concludes that, "on

12  balance . . . the novelty and complexity of the state law is such that comity supports the granting" of

13  the motion to dismiss the state law claims. *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5-6

14  (S.D. Cal. Mar. 6, 2007).

15       Defendants' motion to dismiss (Doc. # 35) Plaintiff's state law claims is granted without

16  prejudice to the Plaintiff refiling those claims in state court.

17       **IT IS SO ORDERED**.

18  DATED: May 31, 2007

19

20                    **WILLIAM Q. HAYES**
                     United States District Judge