Get a Document by Citation - 2007 U.S. Dist. LEXIS 47776 Page 1 of 3

Case 3:08-cv-00046-JM-JMA  Document 6-5  Filed 02/12/2008  Page 1 of 4

EXHIBIT D

LexisNexis® Total Research System

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Counsel Selector

Service: Get by LEXSEE®
Citation: 2007 U.S. Dist. LEXIS 47776

*2007 U.S. Dist. LEXIS 47776, \**

View Available Briefs and Other Documents Related to this Case

RICHARD MORGAN, Plaintiff, vs. AMERICAN STORES COMPANY LLC dba ALBERTSON'S # 6757; ASP REALTY, INC., NEW ALBERTSON'S INC., Defendants.

CASE NO. 06 CV 2437 JM (RBB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

2007 U.S. Dist. LEXIS 47776

June 29, 2007, Decided
June 29, 2007, Filed

**CORE TERMS:** Unruh Act, state claims, supplemental jurisdiction, novel, state law, declining, original jurisdiction, proof of intent, intentional discrimination, summary judgment, disabled, Act DPA, matter jurisdiction, operative facts, convincing evidence', irreconcilable, architectural, establishments, diverged, barriers, nucleus, comity, amend

**Available Briefs and Other Documents Related to this Case:**

U.S. District Court Motion(s)
U.S. District Court Pleading(s)

**COUNSEL:** [\*1] For Richard Morgan, Plaintiff: Scottlynn J Hubbard, IV, LEAD ATTORNEY, Lynn Hubbard, III, Disabled Advocacy Group, Chico, CA.

For American Stores Company, LLC, doing business as Albertson's # 6757, ASP Realty Inc., New Albertson's Inc., Defendants: Lisa Amy Wegner, Scot D Wilson, LEAD ATTORNEYS, Call Jensen and Ferrell, Newport Beach, CA.

**JUDGES:** Hon. Jeffrey T. Miller, United States District Judge.

**OPINION BY:** Jeffrey T. Miller

**OPINION**

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**

[Docket No. 22]

*BACKGROUND*

Plaintiff alleges that certain architectural barriers in Defendants' retail establishments prevent him, a disabled individual, from enjoying full and equal access to those establishments. Plaintiff brings claims arising under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act (the "Unruh Act"), the California Disabled Persons Act ("DPA"), and the Health and Safety Code. Pending before the court is Defendants' motion to dismiss the supplemental state claims pursuant to 28 U.S.C. § 1367(c) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Docket No. 22. Plaintiff opposes the motion.

*LEGAL STANDARDS*

A party may move the court to dismiss an action for lack of [\*2] subject matter jurisdiction. Fed. R. Civ. P. 12 (b)(1). When the moving party argues that the allegations are insufficient to confer subject matter jurisdiction as a matter of law, the court accepts the allegations as true. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that

jurisdiction exists." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

In an action over which it has original jurisdiction, a federal court must exercise supplemental jurisdiction over all other state claims that arise out of the same common nucleus of operative facts. See 28 U.S.C. § 1367(a); Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1556 (9th Cir. 1994). The court, however, may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining [*3] jurisdiction.

§ 1367(c).

This court has original jurisdiction over Plaintiff's ADA claim. 28 U.S.C. §§ 1331, 134. The court must therefore exercise supplemental jurisdiction over the California claims, claims which, from the face of the complaint, arise out of the same common nucleus of operative facts.

**DISCUSSION**

Defendants contend, among other things, that Plaintiff's state claims raise novel and complex issues of California law, and therefore the claims should be dismissed pursuant to § 1367(c)(1). The court agrees for the reasons set forth in its order declining to exercise supplemental jurisdiction in a virtually identical case, Cross v. Pac. Coast Plaza Invs., L.P., 2007 WL 951772, 2007 U.S. Dist. LEXIS 16138, Case No. 06-CV-2543 JM (RBB) (S.D. Cal. Mar. 6, 2007). In Cross, this court dismissed the state claims on the ground that **Gunther v. Lin, 144 Cal. App. 4th 223, 50 Cal. Rptr. 3d 317 (2006)**, demonstrated that the pertinent issue of state law-- whether California requires proof of intentional discrimination for Unruh Act claims--was novel or complex:

> As set forth below, Gunther demonstrates the following conundrum in the law.
>
> Section 51(f) of the California Civil Code provides that a defendant [*4] violates the Unruh Act whenever it violates the ADA. As stated earlier, a defendant can violate the ADA without intending to discriminate. By contrast, successful Unruh Act claims require proof of intent. Harris [v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1149, 278 Cal. Rptr. 614, 805 P.2d 873 (1991)] However, according to the Ninth Circuit, such proof is not required when liability is premised on an ADA violation. Lentini [v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004)]. In direct contrast to Lentini, Gunther held that Unruh Act remedies are not available absent proof of intent, even when a defendant is found to have violated the ADA. **Gunther, 50 Cal. Rptr. 3d at 324-25**. However, the result under Gunther--which leaves a successful ADA plaintiff without a corresponding Unruh Act remedy--undermines the California legislature's purpose in passing section 51(f) to provide that a violation of the ADA is also a violation of the Unruh Act. The court presumes that the California legislature did not intend section 51(f) to be a law that is all bark and no bite.
>
> As circumstances presently exist, this court is faced with irreconcilable authorities based on the current status of state law. On the [*5] one hand, the court is bound by Lentini, which would allow Plaintiff to recover for an unintentional Unruh Act violation if MC were found to have violated the ADA, whether intentionally or unintentionally. On the other hand, according to Gunther, Lentini is an incorrect interpretation of the Unruh Act in this regard. The California Supreme Court has declined to review Gunther and has also declined requests for depublication. The court cannot adhere to the teachings of both Lentini and Gunther. Acknowledging the issues of comity presented in a similar ADA case, Chief Judge Gonzalez in [Org. for the Advancement of Minorities v. Brick Oven Rest., 406 F. Supp. 2d 1120 (S.D. Cal. 2005)] found "that the remedial provisions of the Unruh Act and the California DPA present novel and complex issues of unresolved state law. Ultimately, this is a matter of state law, which is better left to the California courts." Brick Oven Restaurant, 406 F. Supp. 2d at 1130. Gunther, decided after Brick Oven Restaurant, shows that the comity interests have become more, not less, compelling over time as the courts struggle to resolve what is at the moment an irreconcilable tension between [*6] the ADA and the Unruh Act. In sum, Lentini and Gunther show that federal and state interpretation of the Unruh Act have diverged to such a degree that declining supplemental jurisdiction is appropriate in this case.

Cross, 2007 WL 951772 at *4-5, 2007 U.S. Dist. LEXIS 16138 at *1547.

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 47776    Page 3 of 3

Case 3:08-cv-00046-JM-JMA    Document 6-5    Filed 02/12/2008    Page 3 of 4

Plaintiff asks the court to take judicial notice of *Wilson v. Haria and Gogri Corp.*, 479 F. Supp. 2d 1127 (E.D. Cal. 2007), which was decided shortly after this court issued its order in *Cross*. In *Wilson*, the plaintiff sued in federal court under the ADA, the Unruh Act, and the Disabled Persons Act on the basis of architectural barriers present on Defendant's property. The plaintiff moved for summary judgment. The *Wilson* court followed *Lentini* and found that "a plaintiff may obtain damage under the Unruh Act for violations of the ADA even without a showing of intentional discrimination." *Id.* at 1141. Accordingly, the court granted summary judgment in favor of the plaintiff on the ADA and Unruh Act claims. *Id.* According to *Wilson*, "*Gunther's* reasoning is flawed from the outset", *Gunther* was not a persuasive statement of California law, and therefore it was not controlling. *Id.* at 1137, 1141; see also *id.* at 1136 [*7] ("Whatever else is true, it is clear that federal courts are free to disregard the decisions of intermediate state courts where there is 'convincing evidence' that the state's highest court would decide differently. *In re Watts*, [298 F.3d 1077, 1083 (9th Cir. 2002)]. Here, there is convincing evidence suggesting that the [*Gunther*] decision is not likely the law of the state of California."). *Wilson* made note of *Cross* and in that regard found, unlike this court, "that the issue of state law presented by the instant action is not particularly novel or complex in light of the overwhelming body of case law finding that proof of intent is not required." *Wilson*, 479 F. Supp. 2d at 1138 n.15.

*Wilson* is distinguishable from the instant case. In *Wilson*, the court was deciding a summary judgment motion, and the issue before the court was whether, under California law, the plaintiff had to prove intentional discrimination in order to prevail on its Unruh Act claim. By contrast, the issue here is whether Plaintiff's state claims raise novel or complex issues of California law such that this court should decline to exercise its supplemental jurisdiction. § 1367(c)(1). For the reasons set forth in [*8] *Cross*, this court resolves that issue in favor of Defendants.

Plaintiff also argues that *Gunther* was wrongly decided and the court should therefore decline to follow it. The issue, however, is not whether this court should follow *Gunther*, but whether the Plaintiff's state claims raise novel or complex issues of state law. **Gunther** is relevant to the latter issue, regardless of whether it was correctly or incorrectly decided, because it "show[s] that federal and state interpretation of the Unruh Act have diverged to such a degree that declining supplemental jurisdiction is appropriate in this case." *Cross*, 2007 WL 951772 at *5, 2007 U.S. Dist. LEXIS 16138 at *17.

## CONCLUSION

The motion is **GRANTED** and the state claims are **DISMISSED** without prejudice and with leave to amend. Plaintiff indicates in his opposition papers that he wishes to amend his complaint if the instant motion is granted. Any amended complaint must be filed no later than fourteen (14) days from the date this order is entered. Failure to timely file an amended complaint will result in the state claims being dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: June 29, 2007

Hon. Jeffrey T. Miller

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2007 U.S. Dist. LEXIS 47776**
View: Full
Date/Time: Monday, February 11, 2008 - 5:23 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help