**PINNOCK & WAKEFIELD, A.P.C.**
David C. Wakefield, Esq.    Bar #: 185736
Michelle L. Wakefield, Esq. Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA  92103
Telephone: (619) 858-3671
Facsimile: (619) 858-3646

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: 08cv0046 JM (JMA)<br><br><u>PLAINTIFFS POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE ORIGINAL COMPLAINT</u><br><br>Date: April 18, 2008<br>Time: 1:30 P.M.<br>Judge: Honorable Jeffrey Miller<br>Courtroom: 16 |

**I.   PROCEDURAL HISTORY**

The Original Complaint in the above entitled action was filed on January 8, 2008. On February 11, 2008, Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 filed an Answer to Plaintiffs' Civil Complaint. On February 12, 2008, Defendant MIRA MESA MARKETPLACE WEST, LLC filed a Motion to Dismiss Supplemental

State Law Claims. On February 22, 2008, HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 filed a Notice of Joinder and Joinder in Defendant MIRA MESA MARKETPLACE WEST, LLC's Motion For: The Court to Decline Supplemental Jurisdiction over and to Dismiss Plaintiffs' State Law Claims.

## II.  CONCISE SET OF FACTS

On January 26, 2007, Plaintiff CROSS went to Defendants' public accommodation facilities known as HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679, (hereinafter "THE HOME DEPOT #6679"), located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03, to utilize their goods and/or services accompanied by a friend.  When Plaintiff CROSS patronized Defendants' facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the service counters, cashier checkout aisle, and women's restroom facilities as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities known as THE HOME DEPOT #6679.

Plaintiff CROSS personally experienced difficulty with said access barriers at THE HOME DEPOT #6679. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, the Special Service counter and the Contractor Service

counter fail to be accessible, as they are impermissibly high and fail to provide disabled signage.

There fails to be any designated accessible checkout aisles displaying the required signage.

The women's restroom fails to be accessible, as the entrance door to the women's restroom requires an excessive amount of pressure to operate. The soap dispensers within the women's restroom fail to be accessible, as they are mounted too high. The feminine product dispenser within the women's restroom fails to be accessible, as a bench impermissibly blocks access to this dispenser.

### III. MOTION TO AMEND LEGAL STANDARDS

Plaintiffs seek to amend their First Amended Complaint pursuant to Rule 15, which is incorporated herein by reference. Rule 15 allows a party to amend his pleading after a responsive pleading was served only by leave of court or written consent by the adverse party. The Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); see also, DCD Programs Ltd. V. Leigton, 833 F.2d 183, 186 (9th Cir. 1987); see also, Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). "Parties may be… added by order of the court on motion of any party or of its own initiative… at any stage of the action and on such terms as are just" Nelson v. Adams USA, Inc., 529 US 460, 466-467, 120 S.Ct. 1579, 1584-1585 (2000). "Amendments seeking to add *claims* are to be granted more freely than amendments adding parties." Union Pac. R.R. Co. v. Nevada Power

Co., 950 F.2d 1429, 1432 (emphasis added) (9th Cir. 1991). Leave to amend is within the sound discretion of the court, and "in exercising its discretion, a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleading or technicalities." <u>DCD Programs Ltd.</u>, 833 F.2d at 185-186. Leave to amend should only be denied where there is a showing of undue delay, bad faith or dilatory motive, futility of amendment, prejudice to the opposing party, and/or repeated failure to cure deficiencies by previous amendments. <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989); <u>see</u> <u>also</u> <u>Hurn v. Retirement Fund Trust</u>, 648 F.2d 1252, 1254 (9th Cir. 1981). While all the factors are important, the most important factor is prejudice to the opposing party. <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 668 F.2d 1014, 1053 n. 68 (9th Cir. 1981). "Prejudice is the touchstone of the inquiry under rule 15(a)." <u>Eminence Capital, LLC</u>, 316 F.3d at 1052 (internal quotes omitted). To justify denial of leave to amend, the prejudice must be substantial. <u>Morongo Band of Mission Indians</u>, 893 F.2d at 1079. Absent prejudice, or a strong showing of any of the remaining reasons for denying leave to amend, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." <u>Eminence Capital, LLC</u>, supra, 316 F.3d at 1052 (emphasis in original). Additionally, the burden of proof is on the nonmoving party to establish the basis for denying leave to amend. <u>DCD Programs Ltd.</u>, 833 F.2d at 187; <u>see</u> <u>also</u>, <u>Shipner v. Eastern Airlines, Inc.</u>, 868 F.2d 401, 406-407 (5th Cir. 1898).

**IV. MODIFICATIONS MADE IN PROPOSED FIRST AMENDED COMPLAINT**

The following lists every addition to the original Civil Complaint and deletion from the original Civil Complaint that exists within the [Proposed] First Amended Complaint pursuant to CRC 327(a)(2)and (3). All Page numbers, paragraph numbers, and lines numbers refer to the original Civil Complaint.

<u>Page 1, Caption:</u> **DELETED** the words, "CLASS ACTION" and "; CIVIL CODE 51, 52, 54, 54.1, 54.3."

<u>Page 2, Paragraph 3, Lines 26-27 continued to Page 3, Paragraph 3, Lines 1-19:</u> **DELETED** All OF PARAGRAPH 3, which stated, " SUPPLEMENTAL JURISDICTION, 3. The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and DIANE CROSS, An Individual, and other persons with disabilities were injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they

form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding."

Page 5, Paragraph 8, Lines 5-27, continued to Page 8, Paragraph 11, Lines 1-2: **DELETED** ALL OF PARAGRAPHS 8-11, which stated, "STATEWIDE CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P. 23(b) AS TO ALL DEFENDANTS 8. Plaintiffs are members of a group within the State of California composed of persons with a wide range of disabilities, limited to persons who use wheelchairs for mobility, who must be able to access retail merchandise establishments, like Defendants' establishments located at 10604-10678 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03. Plaintiffs are precluded from equal access to Defendants' establishments so meaningfully because the establishments, and each of them, fail to provide access for members of the disability community who use a wheelchair for mobility to the service counters, cashier checkout aisle, and women's restroom within the facility. The Supreme Court of the United States has held as long as the class representative provides adequate representation for the class' interests, the court has the power to adjudicate the rights and obligations of all class members - even those who would otherwise be beyond the reach of its personal jurisdiction. Phillips Petroleum Co. v. Shutts, 472 US 797 (1985). This case stands for the proposition that minimum contacts are not required with nonresident members of a plaintiff class because, "the burdens placed by a State upon absent class action plaintiff are not of the same order or magnitude as those it places on an absent defendant." Id.

Plaintiffs allege they will insure class members shall receive adequate notice of the proceedings and the opportunity to "opt out," if required

9. Defendants have conducted themselves such as to establish a pattern and practice of architectural discrimination. Plaintiffs allege that Defendants have control over each and every facility, establishment, and/or business located within the property located at 10604-10678 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03. Accordingly, Plaintiffs allege Defendants are responsible for removing architectural barriers at Defendants' facilities and the establishments/businesses contained therein.

10. For the aforementioned reasons, Plaintiffs allege they are proper class representatives for members of the disability community who use a wheelchair for mobility because the members of the disability community who use a wheelchair for mobility are so numerous that joinder is impracticable due to the fact more than one hundred (100) persons fall within the membership description. Also, the questions of law or fact are so common because the members of the disability community who use a wheelchair for mobility are being denied their civil rights under federal and state laws – that is, each member of the disability community who use a wheelchair for mobility suffered substantially similar violations relating to the service counters, cashier checkout aisle, and women's restroom within the facility. Further, the claims or defenses of the representative parties are typical – Plaintiffs have the right to access facilities, establishments, and businesses like those within the

property located at 10604-10678 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03, and the businesses that are located thereon for many reasons including without limitation the purchase of retail merchandise. Defendants' facilities are open to the general public and Plaintiffs have been denied access because of violations, as outlined above and specifically addressed elsewhere within this Civil Complaint.

11. Additionally, Plaintiffs, as the named representatives, will fairly and adequately represent the interests of the class because Plaintiffs and the members of the disability community in the State of California who use a wheelchair for mobility have suffered substantially similar violations. Finally, a pattern and practice exists on the part of Defendants, and each of them, of architectural discrimination at their public facilities located within the State of California. On information and good faith belief, Plaintiffs thereon allege that Defendants, prior to the passing of the Americans With Disabilities Act in 1992, conceived, commissioned, designed, and implemented among other things, a design for their public facilities, including, but not limited to the service counters, cashier checkout aisle, and women's restroom within the facility which do not meet the minimal standards outlined under the federal regulations known as the Americans With Disabilities Act Accessibility Guidelines ("ADAAG") and state regulations, also known as Title 24 of the California Building Code, and to which non-compliant plan they continue to utilize to the injury of the members of the class. For these reasons and the facts as stated herein, Plaintiffs have

the right to maintain this statewide class action pursuant to Fed.R.Civ.P. Rule 23(b)."

<u>Page 8, Paragraph 13, Lines 25-26</u>: **DELETED** the words, "and/or California's Title 24 Building Code Requirements."

<u>Page 10, Paragraph 19, Line 22</u>: **DELETED** the words, "and state"

<u>Page 10, Paragraph 19, Line 25</u>: **DELETED** the words, "and the Civil Code"

<u>Page 13, Paragraph 29, Line 17-19</u>: **DELETED** the words, "the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area"

<u>Page 14, Paragraph 30, Line 17</u>: **DELETED** the word, "following"

<u>Page 14, Paragraph 30, Lines 17-25</u>: **DELETED** the words, ": Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones"

<u>Page 16, Paragraph 34, Lines 18-26 continued to Page 20, Paragraph 43, Lines 1-24</u>: **DELETED** ALL OF PARAGRAPHS 34-43, which stated, " SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - <u>CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS</u>

CLAIM I: <u>Denial Of Full And Equal Access</u>

34. Based on the facts plead at ¶¶ 12 - 20 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

35. These violations denied Plaintiff's Member and Plaintiff DIANE CROSS full and equal access to Defendants' facility. Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff DIANE CROSS was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: <u>Failure To Modify Practices, Policies And Procedures</u>

36. Based on the facts plead at ¶¶ 12 - 20 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design

to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: <u>Violation Of The Unruh Act</u>

37.  Based on the facts plead at ¶¶ 12 - 20 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

38.  Based on the facts plead at ¶¶ 12 - 20 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.  Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a state and national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to

enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

39. Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

<u>Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws</u>

40. Defendants, each of them respectively, at times prior to and including, the month of January of 2007, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiffs and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs and of other similarly situated persons,

justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41. Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

42. Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiffs do not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43. Wherefore, Plaintiffs pray for damages and relief as hereinafter stated."

   Page 21, Sections A, B and C, Lines 1-10: **DELETED** ALL OF SECTIONS A, B, and C, which stated, "A. For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

B.   For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.   In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;"

<u>Page 21, Section D, Lines 13-21</u>:  **DELETED** the words, "related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones"

<u>Page 21, Section E, Line 23</u>:  **DELETED** the words, ", and Cal. Code of Civil Procedure §§ 1032 and 1033.5"

<u>Page 21, Section F, Lines 24-26</u>:  **DELETED** ALL OF SECTION F, which stated, "F.   For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);
///"

## V. DEFENDANTS WILL NOT SUFFER PREJUDICE IF PLAINTIFFS' MOTION TO AMEND IS GRANTED

Defendants filed a motion presently pending before this court that is styled as a Motion to Dismiss to Dismiss Supplemental State Law Claims. The proposed First Amended Complaint addresses all issues raised by Defendants' Motion to Dismiss Supplemental State Law Claims. Within the proposed First Amended Complaint all state claims are removed. Also, at this early stage of the litigation, Defendants have ample time to engage in extensive discovery and prepare a defense for trial. Based on the above, Defendants will suffer no prejudice and the action will not be delayed if this motion is granted.

## VI. CONCLUSION

For all of the above reasons, we respectfully request Plaintiffs' Motion To Amend the Original Complaint be granted and to permit the filing of the proposed First Amended Complaint as attached to the Declaration Of Michelle L. Wakefield or as otherwise directed by the Court.

Respectfully submitted:

             **PINNOCK & WAKEFIELD, A.P.C.**

Dated: March 5, 2008

         By: s/ Michelle L. Wakefield
            Attorney for Plaintiffs
            E-mail: MichelleWakefield@
            PinnockWakefieldLaw.com