**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.      Bar #: 153434
David C. Wakefield, Esq.       Bar #: 185736
Michelle L. Wakefield, Esq.    Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
E-Mail: TheodorePinnock@PinnockWakefieldLaw.com
        DavidWakefield@PinnockWakefieldLaw.com
        MichelleWakefield@PinnockWakefieldLaw.com
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: 08cv0046 JM (JMA)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ]<br><br>**DEMAND FOR JURY TRIAL**<br>[F.R.Civ.P. rule 38(b)] |

**INTRODUCTION**

1.  Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS AND ITS MEMBERS; and DIANE CROSS, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial

District of the United States District Court of the Southern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers. Therefore, Plaintiffs make the following allegations in this federal civil rights action:

**JURISDICTION AND VENUE**

2.   The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq. Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

**NAMED DEFENDANTS AND NAMED PLAINTIFF**

3.   Defendants are, and, at all times mentioned herein, were, a

2

FIRST AMENDED COMPLAINT
CASE NUMBER: 08cv0046 JM (JMA)

business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant HOME DEPOT U.S.A., INC. is the owner, operator, franchiser, licensor, and/or is doing business as THE HOME DEPOT #6679. Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 is located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03. Plaintiff is informed and believes and thereon alleges that Defendant MIRA MESA MARKETPLACE WEST, LLC is the owner, operator, and/or lessor of the real property located at 10604-10678 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03. Defendant MIRA MESA MARKETPLACE WEST, LLC is located at 101 North Westlake Blvd., #201, Westlake Village, California 91362.

4.  The words Plaintiff, Plaintiffs, Plaintiff's Member, and Plaintiff's Members as used herein specifically include OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and DIANE CROSS, An Individual.

5.  Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; and MIRA MESA MARKETPLACE WEST, LLC. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

6. Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

**CONCISE SET OF FACTS**

7. Plaintiff OUTERBRIDGE ACCESS ASSOCIATION is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated. Plaintiff's member DIANE CROSS is a member of Plaintiff Organization and has physical impairments and due to these physical impairments she has learned to successfully operate a wheelchair. Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities including but not limited to: walking.

8. On January 26, 2007, Plaintiff CROSS went to Defendants' public accommodation facilities known as HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679, (hereinafter "THE HOME DEPOT #6679"), located at 10604 Westview Parkway, Mira Mesa, California 92126, Assessor Parcel Number: 318-600-03, to utilize their goods and/or services accompanied by a friend. When Plaintiff CROSS patronized

Defendants' facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the service counters, cashier checkout aisle, and women's restroom facilities as said were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A). Defendants failed to remove barriers to equal access within their public accommodation facilities known as THE HOME DEPOT #6679.

9.   Plaintiff CROSS personally experienced difficulty with said access barriers at THE HOME DEPOT #6679. The following examples of known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.  For example, the Special Service counter and the Contractor Service counter fail to be accessible, as they are impermissibly high and fail to provide disabled signage.

10.   There fails to be any designated accessible checkout aisles displaying the required signage.

11.   The women's restroom fails to be accessible, as the entrance door to the women's restroom requires an excessive amount of pressure to operate. The soap dispensers within the women's restroom fail to be accessible, as they are mounted too high. The feminine product dispenser within the women's restroom fails to be accessible, as a bench impermissibly blocks access to this dispenser.

12.   Plaintiffs can prove these barriers as Plaintiffs conducted a preliminary survey of Defendants' facilities. Plaintiff

5

Association alleges that its visually and hearing impaired members desire to go to Defendants' facility but cannot because of lack of auxiliary aids.  Plaintiffs specifically allege that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access.  First, Plaintiffs will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional.  Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers.  Third, Defendants have no plans to remodel.  Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage.  Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers.   Plaintiffs allege any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance.  Also, expert testimony will show the facility contained inaccessible features.  Plaintiffs allege businesses often state that they have few customers with disabilities.  Plaintiffs allege such customers avoid patronizing inaccessible business and are deterred from patronizing such businesses.

13.  Plaintiff's Member and Plaintiff DIANE CROSS intends to return to Defendants' public accommodation facilities in the immediate future.  Plaintiffs' Member and Plaintiff DIANE CROSS is

presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

14. Pursuant to federal law, Defendants are required to remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

15. Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' facilities. Plaintiff's Member and Plaintiff DIANE CROSS was extremely upset due to Defendants' conduct.

## NOTICE

16. Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

17. HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18. Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The**

7

### Americans With Disabilities Act Of 1990

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

19.  Based on the facts plead at ¶¶ 7 - 15 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

20.  Plaintiff's Member and Plaintiff DIANE CROSS has physical impairments as alleged in ¶ 7 above because her conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff's Member and Plaintiff DIANE CROSS cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff's Member and Plaintiff DIANE CROSS has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

**CLAIM II AGAINST ALL DEFENDANTS: <u>Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities</u>**

21. Based on the facts plead at ¶¶ 7 - 15 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

22. Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

23. Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities

constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

24.  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

25.  Based on the facts plead at ¶¶ 7 - 15 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code

12182(b)(2)(A)(iv).] Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they were denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

26. Based on the facts plead at ¶¶ 7 - 15 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

27. Based on the facts plead at ¶¶ 7 - 15 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a

11

FIRST AMENDED COMPLAINT
CASE NUMBER: 08cv0046 JM (JMA)

substantial segment of the disability community. Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiffs desire to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

28. WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

**DEMAND FOR JUDGMENT FOR RELIEF:**

A. For injunctive relief pursuant to 42 U.S.C. § 12188(a). Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities.

B. For attorneys' fees pursuant to 42 U.S.C. § 1988, and 42 U.S.C. § 12205;

C. A Jury Trial and;

D. For such other further relief as the court deems proper.

Respectfully submitted:

Dated: March 28, 2008

**PINNOCK & WAKEFIELD, A.P.C.**

s/ Michelle L. Wakefield
Attorney for Plaintiffs
E-mail: MichelleWakefield@PinnockWakefieldLaw.com