1  Timothy G. McNulty, Esq. (# 159227)
   **MILBERG & DE PHILLIPS, P.C.**
2  2163 Newcastle Avenue, Ste. 200
   Cardiff by the Sea, CA 92007
3  Telephone: (760) 943-7103
   Facsimile: (760) 943-6750
4  Email: tmcnulty@surflaw.net

5  Attorneys for Defendant,
   MIRA MESA MARKETPLACE WEST, LLC

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 OUTERBRIDGE ACCESS                 )  Case No.:   08 CV 0046 JM JMA
   ASSOCIATION, SUING ON BEHALF       )
12 OF DIANE CROSS; and DIANE CROSS,   )  **ANSWER OF DEFENDANT MIRA**
   An Individual,                     )  **MESA MARKETPLACE WEST,**
13                                    )  **LLC. TO PLAINTIFFS' FIRST**
                                      )  **AMENDED COMPLAINT AND**
14            Plaintiffs,             )  **DEMAND FOR JURY TRIAL**
                                      )
15      vs.                           )
                                      )
16                                    )
   HOME DEPOT U.S.A., INC. d.b.a. THE )
17 HOME DEPOT #6679; MIRA MESA        )  Judge: Hon. Jeffery Miller
   MARKETPLACE WEST, LLC.; AND        )
18 DOES 1 THROUGH 10, Inclusive,      )  Courtroom: 16
                                      )
19            Defendants.             )
                                      )
20 ―――――――――――――――――――――――――          )

21      Defendant, MIRA MESA MARKETPLACE WEST, LLC (hereinafter "Defendant")

22 answers Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF

23 DIANE CROSS; and DIANE CROSS (hereinafter "Plaintiffs") First Amended Complaint

24 (hereinafter "Complaint") as set forth below:

25      1.      In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs

26 have initiated a lawsuit against Defendant. Paragraph 1 contains legal conclusions and

27 legal argument that Defendant is not required to admit or deny. Except as so expressly admitted

28 and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and

   every allegation contained therein.

                                    1

2.    In response to Paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3.    In response to Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the status of Home Depot USA or the correctness of parcel numbers and addresses.  Defendant admits the remaining allegations contained in paragraph 3.

4.    In response to  paragraph 4 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

5.    In response to Paragraph 5 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

6.    In response to Paragraph 6 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

7.    In response to Paragraph 7 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

8.    In response to Paragraph 8 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

9.      In response to Paragraph 9 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

10.     In response to Paragraph 10 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

11.     In response to Paragraph 11 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

12.     In response to Paragraph 12 of the Complaint,, paragraph 12 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs conducted a preliminary survey of Defendant's facilities and that Plaintiffs desire to go to Defendant's facilities, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 12.

13.     In response to Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 18 and on that basis denies them. Defendant denies each and every averment contained in the second sentence of paragraph 13.

14.     In response to Paragraph 14 of the Complaint, paragraph 14 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, paragraph 15 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent

that a response is necessary, Defendant denies each and every averment contained in paragraph 15 of the Complaint.

16.    In response to paragraph 16 of the Complaint, paragraph 16 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

17.    In response to Paragraph 17 of the Complaint, paragraph 17 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

18.    In response to Paragraph 18 of the Complaint, paragraph 18 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

19.    In response to Paragraph 19 of the Complaint, paragraph 19 contains legal conclusions and legal argument that Defendant is not required to admit or deny.    Defendant denies each and every other averment contained in paragraph 19 of the Complaint.

20.    In response to Paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20, and on that basis denies them.

21.    In response to Paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

22.    In response to Paragraph 22 of the Complaint, paragraph 22 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 22 of the Complaint.

23.    In response to Paragraph 23 of the Complaint, paragraph 23 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 23 of the Complaint.

24.    In response to Paragraph 24 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

25.    In response to Paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, paragraph 26contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 26 of the Complaint.

27.    In response to Paragraph 27 of the Complaint, paragraph 27 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer irreparable harm as a result

1  of any of the alleged conduct and/or omissions of Defendant.

2                          FOURTH AFFIRMATIVE DEFENSE

3         As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to state

4  a claim entitling him to attorney's fees.  In the alternative, to the extent that Plaintiff is entitled to

5  recovery attorney's fees and costs, such fees and costs are barred on the ground and to the extent that

6  they were not reasonably incurred or were incurred at an excessive rate.

7                           FIFTH AFFIRMATIVE DEFENSE

8         As a separate and distinct affirmative defense, Defendant alleges the actions taken by it, or

9  anyone acting on its behalf, if any, with respect to the conditions of the establishment in question

10 were for lawful and legitimate, nondiscriminatory business reasons.

11                          SIXTH AFFIRMATIVE DEFENSE

12        As a separate and distinct affirmative defense, Defendant alleges the Complaint fails to state

13 facts sufficient to set forth a claim for punitive, exemplary or treble damages.

14                         SEVENTH AFFIRMATIVE DEFENSE

15        As a separate and distinct affirmative defense, Plaintiffs lack standing to pursue their

16 alleged claims.

17                          EIGHTH AFFIRMATIVE DEFENSE

18        As a separate and distinct affirmative defense, Defendant alleges that it fulfilled any

19 obligation it may have had to reasonably accommodate Plaintiff's alleged disabilities.

20                           NINTH AFFIRMATIVE DEFENSE

21        As a separate and distinct affirmative defense, Defendant alleges Plaintiff failed to mitigate

22 his damages.

23                          TENTH AFFIRMATIVE DEFENSE

24        As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege

25 special damages with the requisite specificity.

26                        ELEVENTH AFFIRMATIVE DEFENSE

27        As a separate and distinct affirmative defense, Defendant alleges its services and/or facilities

28 provided to the public are accessible to and usable by persons with disabilities as required by

1  California laws and by Federal laws, including but not limited to, the Americans with Disabilities

2  Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*,.

3  <center>TWELFTH AFFIRMATIVE DEFENSE</center>

4  As a separate and distinct affirmative defense, as required by Federal law, Defendant it did

5  not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or

6  accommodations within   a public accommodation leased and/or operated by Defendant.

7  <center>THIRTEENTH AFFIRMATIVE DEFENSE</center>

8  As a separate and distinct affirmative defense, Defendant alleges Plaintiff's alleged injuries

9  and alleged damages, if any, were proximately caused and contributed to by his own negligence,

10 misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might

11 have otherwise been entitled must be denied or reduced accordingly.

12 <center>FOURTEENTH AFFIRMATIVE DEFENSE</center>

13 As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in

14 that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its

15 actions, based upon the relevant facts and circumstances known to it at the time it acted.

16 <center>FIFTEENTHAFFIRMATIVE DEFENSE</center>

17 As a separate and distinct affirmative defense, Defendant alleges it granted Plaintiff access

18 to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was

19 rationally related to the services performed and the facilities provided by Defendant.

20 <center>SIXTEENTH AFFIRMATIVE DEFENSE</center>

21 As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,*

22 Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access

23 to Plaintiff could not be provided without causing undue hardship.

24 <center>SEVENTEENTH AFFIRMATIVE DEFENSE</center>

25 As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,*

26 Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access

27 to Plaintiff could not be provided without fundamentally altering the nature and/or character of the

28 business establishment and the goods and services provided therein.

1

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

2    As a separate and distinct affirmative defense, Defendant alleges assuming , *arguendo,*

3  Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier

4  removal  was not readily achievable and/or would require Defendant to unreasonably incur

5  extraordinary expenses with little or no improvement in accessibility.

6

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

7    As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*,

8  Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the

9  subject facility was not a newly constructed facility nor did it have any alterations, requiring

10  compliance with Title III of the ADA, Health & Safety Code Section 19955, or Title 24 of the

11  California code of regulations during the relevant time frame.

12

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

13    As a separate and distinct affirmative defense, Defendant contends the purported

14  architectural barriers provide effective access to the Plaintiffs.

15

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

16    As a separate and distinct affirmative defense, Any allegedly wrongful acts or omissions

17  performed by Defendant or its agent, if there were any, do not subject Defendant to liability

18  because the removal of the alleged architectural barriers was not readily achievable.

19

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

20    As a separate and distinct affirmative defense, Defendant alleges it owed no duty of care to

21  Plaintiff.

22

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

23    As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by

24  the doctrines of estoppel and unclean hands.

25

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

26    As a separate and distinct affirmative defense, Defendant alleges that, if any mental or

27  emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than

28  any act or omission of Defendant.

1

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

2       As a separate and distinct affirmative defense, Defendant alleges Plaintiff consented to all

3  actions taken, if any, and Defendant's actions, if any, were therefore privileged.

4

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

5       As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to

6  exhaust the administrative remedies available to him.

7

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

8       As a separate and distinct affirmative defense, Defendant alleges requiring some or all of the

9  modifications to the subject property that Plaintiff seeks to have imposed upon Defendant would

10  fundamentally alter the nature of the subject property.

11

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

12       As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims in equity

13  are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

14

<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

15       As a separate and distinct affirmative defense, Defendant alleges some or all of the

16  modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are neither

17  required nor readily achievable.

18

<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

19       As a separate and distinct affirmative defense, Defendant alleges the costs of some or all of

20  the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are

21  disproportionate in terms of cost and scope to that of any alterations made within the statutory

22  period, if any.

23

<u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

24       As a separate and distinct affirmative defense, the Complaint, and each purported claim

25  for relief alleged in the Complaint, is barred in whole or part because Plaintiff's injury, if any,

26  was caused by third parties acting outside the course and scope of agency, employment or control

27  of Defendant Mira Mesa West, LLC.

28

<center>THIRTY-SECOND AFFIRMATIVE DEFENSE</center>

As a separate and distinct affirmative defense, Plaintiff is not entitled to recover on any claim for relief in this action because Defendant Mira Mesa Marketplace West, LLC. has substantially complied with all applicable legal requirements.

<center>THIRTY-THIRD AFFIRMATIVE DEFENSE</center>

As a separate and distinct affirmative defense, Defendant is not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

<center>THIRTY-FOURTH AFFIRMATIVE DEFENSE</center>

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs are  and/or should be declared "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

<center>THIRTY-FIFTH AFFIRMATIVE DEFENSE</center>

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiffs are and/or should be declared a sham plaintiff and their attorneys,  is and/or should be declared a "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and their attorneys.

<center>THIRTY-SIXTH AFFIRMATIVE DEFENSE</center>

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs  and/or their attorneys, is or should be declared a "vexatious litigants" and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and/or their attorneys (on behalf of Plaintiffs and any other future plaintiffs), or to seek permission from the district court through a court order before filing any ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state law.

1

<u>THIRTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are

3 barred and/or damages are not recoverable pursuant to settlement agreements and release of all

4 claims entered into among Plaintiffs and/or their attorneys with Defendant.

5

<u>THIRTY-EIGHT AFFIRMATIVE DEFENSE</u>

6   As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful

7 acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant

8 to liability because full compliance with the accessibility requirements would be structurally

9 impracticable to do so.

10

<u>THIRTY-NINTH AFFIRMATIVE DEFENSE</u>

11   As a separate and distinct affirmative defense, Defendant contends Any allegedly wrongful

12 acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant

13 to liability because the cost and scope of any and all alterations to the path of travel to the altered

14 area containing a primary function, if any, would be disproportionate to the cost of the overall

15 alteration to the primary function area, if any.

16

<u>FORTIETH  AFFIRMATIVE DEFENSE</u>

17   As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful

18 acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant

19 to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services

20 via alternative methods other than the removal of alleged architectural barriers.

21

<u>FORTY-FIRST  AFFIRMATIVE DEFENSE</u>

22   As a separate and distinct affirmative defense, Defendant contends Plaintiffs' Complaint and

23 each claim alleged therein are barred by Defendant's good faith reliance upon reasonable

24 interpretations of California law by local building authorities and issuance of appropriate building

25 permits and Certificates of Occupancy for the facility at issue.  Defendant's conduct was privileged

26 because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and

27 approvals relating to building construction and/or fire safety and public safety.  The Complaint and

28 all claims alleged therein are barred by the issuance by local building authorities of appropriate

1  building permits and Certificates of Occupancy for the facility at issue.

2                    FORTY-SECOND  AFFIRMATIVE DEFENSE

3          As a separate and distinct affirmative defense, Defendant contends Plaintiffs complaint

4  should be dismissed, stayed and/or transferred to a related case filed by Plaintiffs in State court.

5                    FORTY- THIRD  AFFIRMATIVE DEFENSE

6          As a separate and distinct affirmative defense, Defendant contends  Defendant alleges all

7  other defenses that may potentially become available as a result of information developed through

8  discovery or trial.

9          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Seventh Amendment to the

10 U.S. Constitution Defendant MIRA MESA MARKETPLACE EAST, LLC. hereby demands a trial

11 by jury in the above entitled action.

12         WHEREFORE, Defendant prays for judgment as follows:

13     1.     That Plaintiff s take nothing by reason of the Complaint;

14     2.     That judgment be entered on the Complaint in favor of Defendant and against

15            Plaintiffs, and that the complaint be dismissed with prejudice;

16     3.     That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

17     4.     That Plaintiffs Outerbridge Access Association, and Diane Cross and/or their

18            attorneys be declared  a "vexations litigants," and as such, this Court should be enter

19            an OSC re why this case should not be dismissed and/or why sanctions should not be

20            imposed against Plaintiffs  and/or their attorneys.

21     5.     That Plaintiffs Outerbridge Access Association, and Diane Cross be declared sham

22            plaintiffs and their attorneys, be declared a "vexatious litigants" and as such, this

23            Court should enter an OSC re why this case should not be dismissed and/or why

24            sanctions should not be imposed against Plaintiffs  and/or their attorneys.

25     6.     That Plaintiffs and/or their attorneys,(or anyone in association   with Plaintiffs'

26            attorneys), be declared a "vexatious litigants," and as such, this Court should dismiss

27            this case with prejudice and enter an order prohibiting Plaintiffs and their attorneys,

28            to seek permission from the district court through a court order before filing any

1      future ADA Title III or related disability access lawsuits based on alleged violations

2      of federal and/or state disability laws.

3          7.     For such other and further relief as the Court may deem just and proper.

4    Dated: April 7, 2008                    MILBERG & DE PHILLIPS

5

6                                        */s/ Timothy G McNulty*
                                      By:  _____

7                                        Timothy G. McNulty
                                         Attorneys for Defendant, MIRA MESA

8                                        MARKETPLACE WEST, LLC
                                         Email: tmcnulty@surflaw.net

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28