1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  ALANA R. CHO (SBN 254730)
   3161 Michelson Drive, Suite 1000
3  Irvine, California 92612
   Telephone: (949) 732-6500
4  Facsimile: (949) 732-6501
   Email: hurleyg@gtlaw.com; choa@gtlaw.com
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC.

7                       UNITED STATES DISTRICT COURT

8                      SOUTHERN DISTRICT OF CALIFORNIA

9

10 | OUTERBRIDGE ACCESS                | CASE NO.  08CV 0046 JM JMA
   | ASSOCIATION, SUING ON BEHALF OF   |
11 | DIANE CROSS; and DIANE CROSS, an  |
   | individual,                       | **ANSWER OF DEFENDANT HOME
12 |                                   | DEPOT U.S.A., INC.  TO PLAINTIFFS'
   |                 Plaintiffs,       | FIRST AMENDED COMPLAINT**
13 |                                   |
   | vs.                               |
14 |                                   |
   | HOME DEPOT U.S.A., INC. dba THE   |
15 | HOME DEPOT #6679; MIRA MESA       |
   | MARKETPLACE WEST, LLC; and DOES   |
16 | 1 through 10, inclusive,          |
   |                                   |
17 |                 Defendants.       |

18

---

Answer of Defendant Home Depot U.S.A., Inc. to Plaintiffs' First Amended Complaint
                                                            Case No. 08 CV 0046 JM JMA
286251555v1 4/17/2008 072031.012700

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby answers the Complaint filed by plaintiffs Outerbridge Access Association, suing on behalf of Diane Cross, and Diane Cross, as an individual (collectively "Plaintiffs") (the "Complaint") as follows:

## INTRODUCTION

1.  Answering paragraph 1 of the Complaint, paragraph 1 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant admits the averment contained in the first sentence of paragraph 1, on page 1 at lines 23-26 (1:23-26) that Plaintiffs have filed an amended complaint in the United States District Court of the Southern District of California. Defendant denies each and every other averment contained in the first sentence of paragraph 1 at 1:23-2:5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 1, and on that basis denies them.

## JURISDICTION AND VENUE

2.  Answering paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

3.  Answering paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the third sentence of paragraph 3 at 3:6-8 and the fourth sentence of paragraph 3 at 3:11-13 that the assessor parcel number is 318-600-03, and on that basis denies them. Defendant admits the other averments contained in paragraph 3.

4.  Answering paragraph 4 of the Complaint, Defendant admits the averments contained therein.

5.  Answering paragraph 5 of the Complaint, Defendant admits the averment contained in the second sentence of paragraph 5 at 3:22-25 that Plaintiffs have sued Does 1 through 10 by fictitious names. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 5, and on that basis denies them.

6. Answering paragraph 6 of the Complaint, Defendant denies each and every averment contained in the second sentence of paragraph 6 at 4:7-10. Defendant admits the averment contained in the first sentence of paragraph 6 at 4:1-6 that Defendants were the owner, lessor, lessee, franchisor, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 6, and on that basis denies them.

## CONCISE SET OF FACTS

7. Answering paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them.

8. Answering paragraph 8 of the Complaint, paragraph 8 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 8 at 4:22-27 and the averment in second sentence of paragraph 8 at 4:27-5:7 that Plaintiff Cross patronized Defendant's facilities, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 8.

9. Answering paragraph 9 of the Complaint, Defendant denies each and every averment contained in paragraph 9.

10. Answering paragraph 10 of the Complaint, Defendant denies each and every averment contained in paragraph 10.

11. Answering paragraph 11 of the Complaint, Defendant denies each and every averment contained in paragraph 11.

12. Answering paragraph 12 of the Complaint, paragraph 12 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the first sentence of paragraph 12 at 5:26-27 that Plaintiffs conducted a preliminary survey of Defendant's facilities and the averment contained in the second sentence of paragraph 12 at 5:27-6:3 that Plaintiffs desire to go to Defendant's facilities, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant denies each and every averment contained in the second sentence of paragraph 13 at 6:27-7:2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 13 at 6:25-27, and on that basis denies them.

14. Answering paragraph 14 of the Complaint, paragraph 14 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 14.

15. Answering paragraph 15 of the Complaint, paragraph 15 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 15.

## NOTICE

16. Answering paragraph 16 of the Complaint, paragraph 16 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

## WHAT CLAIMS PLAINTIFFS ARE ALLEGING AGAINST EACH NAMED DEFENDANT

17. Answering paragraph 17 of the Complaint, Defendant admits the averments contained in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, paragraph 18 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 18.

## DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS
## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### Claims Under the Americans With Disabilities Act of 1990
### CLAIM I AGAINST ALL DEFENDANTS: Denial of Full and Equal Access

19. Answering paragraph 19 of the Complaint, paragraph 19 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant admits the averment contained in the second sentence of paragraph 19 at 8:6-8 that Home Depot #6679 is open to the public. Defendant denies each and every other averment contained in paragraph 19.

3
Answer of Defendant Home Depot U.S.A., Inc. to Plaintiffs' First Amended Complaint
Case No. 08 CV 0046 JM JMA

286251555v1 4/17/2008 072031.012700

20. Answering paragraph 20 of the Complaint, paragraph 20 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20, and on that basis denies them.

## CLAIM II AGAINST ALL DEFENDANTS:

### Failure to Make Alterations in Such a Manner That The Altered Portions of the Facility Are Readily Accessible and Usable By Individuals With Disabilities

21. Answering paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21.

22. Answering paragraph 22 of the Complaint, paragraph 22 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 22.

23. Answering paragraph 23 of the Complaint, paragraph 23 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 23.

24. Answering paragraph 24 of the Complaint, paragraph 24 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 24.

## CLAIM III AGAINST ALL DEFENDANTS:

### Failure To Remove Architectural Barriers

25. Answering paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 25.

## CLAIM IV AGAINST ALL DEFENDANTS:

### Failure to Modify Practices, Policies and Procedures

26. Answering paragraph 26 of the Complaint, paragraph 26 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is

necessary, Defendant denies each and every averment contained in paragraph 26.

27. Answering paragraph 27 of the Complaint, paragraph 27 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the fifth sentence of paragraph 27 at 12:5-6, and on that basis denies them. Defendant denies each and every remaining averment contained in paragraph 27.

28. Answering paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

## ADDITIONAL DEFENSES

29. As separate and additional defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

30. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

31. Plaintiffs lack standing to pursue their alleged claims.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

32. Plaintiffs are barred from pursuing their alleged claims because they are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
(Effective Access)

33. The purported architectural barriers provide effective access to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE
(Removal of Architectural Barriers Were Not Readily Achievable)

34. Any allegedly wrongful acts or omissions performed by Defendant or its agent, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers

was not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

35. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

## SEVENTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would be Readily Accessible To the Maximum Extent Feasible)

36. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any and all alterations to the facility, if any, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## EIGHTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function Is Disproportionate to the Cost of the Overall Alteration)

37. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## NINTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

38. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services via alternative methods other than the removal of alleged architectural barriers.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Local Building Authorities)

39. Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith

reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.

### ELEVENTH AFFIRMATIVE DEFENSE

(Recovery of Prevailing Party Attorney's Fees)

40. Pursuant to 42 U.S.C. § 12205, in the event that Defendant prevail in this action, Defendant should be awarded its reasonable attorney's fees and costs incurred in the defense of this action.

### TWELFTH AFFIRMATIVE DEFENSE

(Privilege)

41. Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Building Permits)

42. The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

43. Insofar as the Defendant has not made the alterations to the facility at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

44. Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Waiver)

45. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

46. Plaintiffs failed to properly mitigate their alleged damages and therefore are precluded from recovering those alleged damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Indispensable Party)

48. Plaintiffs' alleged claim is barred, in whole or in part, because of their failure to name an indispensable party or parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Defenses Under Federal Rules of Civil Procedure)

49. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

50. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiffs were for legitimate, non-discriminatory business reasons unrelated to Plaintiffs' alleged disability or other asserted protected status.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(No Damages)

51. Defendant is informed and believes and based thereon alleges that Plaintiffs have not suffered any damage as a result of any actions taken by Defendant, and Plaintiffs are thereby barred from asserting any claim against Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Good Faith)

52. Defendant and its agents acted reasonably and in good faith at all times material herein,

based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

53. Plaintiffs' alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Concurrent Jurisdiction)

54. Defendant alleges that Plaintiffs' claims are barred under the doctrine of concurrent jurisdiction.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Res Judicata)

55. Defendant alleges that Plaintiffs' claims are barred under the doctrine of res judicata.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Another Action Pending)

56. Defendant alleges that Plaintiffs' claims are barred because there is another action pending between the same parties on the same causes of action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

57. Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

### PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiffs take nothing by way of their Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including

1  its reasonable attorney fees; and

2      4.      For such further and other relief as the Court may deem just and proper.

4  DATED: April 17, 2008          GREENBERG TRAURIG, LLP

6      By /s/Alana R. Cho
    GREGORY F. HURLEY
7    ALANA R. CHO
    Attorneys for Defendant
8    Home Depot U.S.A., Inc.
    E-mail: hurleyg@gtlaw.com; choa@gtlaw.com

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On April 17, 2008, I served the **ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Pinnock & Wakefield, APC<br>Theodore A. Pinnock<br>David C. Wakefield<br>Michelle L. Wakefield<br>3033 Fifth Avenue, Suite 410<br>San Diego, CA 92103<br>Email: theodorepinnock@pinnockwakefieldlaw.com;<br>davidwakefield@pinnockwakefieldlaw.com;<br>michellewakefield@pinnockwakefieldlaw.com; | Counsel for Plaintiffs<br>OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS, and Diane Cross, as an individual |
| Milberg and De Phillips, P.C.<br>2163 Newcastle Avenue, Suite 200<br>Cardiff, California, 92007<br>Timothy G. McNulty<br>E-mail: tmcnulty@surfnet.com | Counsel for Defendant<br>MIRA MESA MARKETPLACE WEST, LLC |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 17, 2008, at Irvine, California.

/s/Alana R. Cho
ALANA R. CHO

---

11
Answer of Defendant Home Depot U.S.A., Inc. to Plaintiffs' First Amended Complaint
Case No. 08 CV 0046 JM JMA

286251555v1 4/17/2008 072031.012700