Timothy G. McNulty, Esq. (# 159227)
**MILBERG & DE PHILLIPS, P.C.**
2163 Newcastle Avenue, Ste. 200
Cardiff by the Sea, CA 92007
Telephone: (760) 943-7103
Facsimile: (760) 943-6750
Email: tmcnulty@surflaw.net

Attorneys for Defendant/Cross-claimant
MIRA MESA MARKETPLACE WEST, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC.; AND DOES 1 THROUGH 10, Inclusive,<br><br>Defendants.<br><br>MIRA MESA MARKETPLACE WEST, LLC.<br><br>Cross-claimant,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 AND ROES 1 THROUGH 30, Inclusive<br><br>Cross-defendants. | Case No.: 08 CV 0046 JM JMA<br><br>AMENDED ANSWER OF DEFENDANT MIRA MESA MARKETPLACE WEST, LLC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSSCLAIM AGAINST HOME DEPOT U.S.A.<br><br>DEMAND FOR JURY TRIAL<br><br>1. EXPRESS INDEMNITY<br>2. EQUITABLE INDEMNITY<br>3. CONTRIBUTION<br>4. DECLARATORY RELIEF |

DEFENDANT Mira Mesa Marketplace West, LLC'S ANSWER/CROSSCLAIM      1      (NO. 08 CV 0046 JM (JMA))

Defendant, MIRA MESA MARKETPLACE WEST, LLC (hereinafter "Defendant") answers Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS (hereinafter "Plaintiffs") First Amended Complaint (hereinafter "Complaint") as set forth below:

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs have initiated a lawsuit against Defendant. Paragraph 1 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the status of Home Depot USA or the correctness of parcel numbers and addresses. Defendant admits the remaining allegations contained in paragraph 3.

4. In response to paragraph 4 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained

therein.

7. In response to Paragraph 7 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

8. In response to Paragraph 8 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint,, paragraph 12 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs conducted a preliminary survey of Defendant's facilities and that Plaintiffs desire to go to Defendant's facilities, and on that basis denies them. Defendant denies each and every other averment contained in paragraph 12.

13. In response to Paragraph 13 of the Complaint, Defendant is without knowledge or

1  information sufficient to form a belief as to the truth of the averments contained in the first
2  sentence of paragraph 18 and on that basis denies them. Defendant denies each and every
3  averment contained in the second sentence of paragraph 13.

4  14.  In response to Paragraph 14 of the Complaint, paragraph 14 contains legal
5  conclusions and legal argument that Defendant is not required to admit or deny. To the extent
6  that a response is necessary, Defendant denies each and every averment contained in paragraph
7  14 of the Complaint.

8  15.  In response to Paragraph 15 of the Complaint, paragraph 15 contains legal
9  conclusions and legal argument that Defendant is not required to admit or deny. To the extent
10 that a response is necessary, Defendant denies each and every averment contained in paragraph
11 15 of the Complaint.

12 16.  In response to paragraph 16 of the Complaint, paragraph 16 contains legal
13 conclusions and legal argument that Defendant is not required to admit or deny.

14 17.  In response to Paragraph 17 of the Complaint, paragraph 17 contains legal
15 conclusions and legal argument that Defendant is not required to admit or deny.

16 18.  In response to Paragraph 18 of the Complaint, paragraph 18 contains legal
17 conclusions and legal argument that Defendant is not required to admit or deny.

18 19.  In response to Paragraph 19 of the Complaint, paragraph 19 contains legal
19 conclusions and legal argument that Defendant is not required to admit or deny. Defendant
20 denies each and every other averment contained in paragraph 19 of the Complaint.

21 20.  In response to Paragraph 20 of the Complaint, paragraph 20 contains legal
22 conclusions and legal argument that Defendant is not required to admit or deny. To the extent
23 that a response is necessary, Defendant is without knowledge or information sufficient to form a
24 belief as to the truth of the averments contained in paragraph 20, and on that basis denies them.

25 21.  In response to Paragraph 21 of the Complaint, paragraph 21 contains legal
26 conclusions and legal argument that Defendant is not required to admit or deny. To the extent
27 that a response is necessary, Defendant denies each and every averment contained in paragraph
28 21 of the Complaint.

1  22. In response to Paragraph 22 of the Complaint, paragraph 22 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, paragraph 23 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, paragraph 26contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, paragraph 27 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to state a claim entitling him to attorney's fees. In the alternative, to the extent that Plaintiff is entitled to recovery attorney's fees and costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the actions taken by it, or anyone acting on its behalf, if any, with respect to the conditions of the establishment in question were for lawful and legitimate, nondiscriminatory business reasons.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint fails to state facts sufficient to set forth a claim for punitive, exemplary or treble damages.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs lack standing to pursue their alleged claims.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it fulfilled any obligation it may have had to reasonably accommodate Plaintiff's alleged disabilities.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff failed to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege special damages with the requisite specificity.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California laws and by Federal laws, including but not limited to, the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*,.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, as required by Federal law, Defendant it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation leased and/or operated by Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by his own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges it granted Plaintiff access to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was rationally related to the services performed and the facilities provided by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without causing undue hardship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges assuming , *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal was not readily achievable and/or would require Defendant to unreasonably incur extraordinary expenses with little or no improvement in accessibility.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health & Safety Code Section 19955, or Title 24 of the California code of regulations during the relevant time frame.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends the purported architectural barriers provide effective access to the Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Any allegedly wrongful acts or omissions performed by Defendant or its agent, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers was not readily achievable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges it owed no duty of care to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by the doctrines of estoppel and unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, if any mental or emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff consented to all actions taken, if any, and Defendant's actions, if any, were therefore privileged.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to exhaust the administrative remedies available to him.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges requiring some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant would fundamentally alter the nature of the subject property.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims in equity are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are neither required nor readily achievable.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the costs of some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of cost and scope to that of any alterations made within the statutory period, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or part because Plaintiff's injury, if any, was caused by third parties acting outside the course and scope of agency, employment or control of Defendant Mira Mesa West, LLC.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff is not entitled to recover on any claim for relief in this action because Defendant Mira Mesa Marketplace West, LLC. has substantially complied with all applicable legal requirements.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs are and/or should be declared "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiffs are and/or should be declared a sham plaintiff and their attorneys, is and/or should be declared a "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and their attorneys.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs and/or their attorneys, is or should be declared a "vexatious litigants" and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and/or their attorneys (on behalf of Plaintiffs and any other future plaintiffs), or to seek permission from the district court through a court order before filing any ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable pursuant to settlement agreements and release of all claims entered into among Plaintiffs and/or their attorneys with Defendant.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall

alteration to the primary function area, if any.

### FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services via alternative methods other than the removal of alleged architectural barriers.

### FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue. Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety. The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

### FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs complaint should be dismissed, stayed and/or transferred to a related case filed by Plaintiffs in State court.

### FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Seventh Amendment to the U.S. Constitution Defendant MIRA MESA MARKETPLACE WEST, LLC. hereby demands a trial by jury in the above entitled action.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff s take nothing by reason of the Complaint;
2. That judgment be entered on the Complaint in favor of Defendant and against

Plaintiffs, and that the complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. That Plaintiffs Outerbridge Access Association, and Diane Cross and/or their attorneys be declared a "vexations litigants," and as such, this Court should be enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

5. That Plaintiffs Outerbridge Access Association, and Diane Cross be declared sham plaintiffs and their attorneys, be declared a "vexatious litigants" and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

6. That Plaintiffs and/or their attorneys,(or anyone in association with Plaintiffs' attorneys), be declared a "vexatious litigants," and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and their attorneys, to seek permission from the district court through a court order before filing any future ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state disability laws.

7. For such other and further relief as the Court may deem just and proper.

## CROSS-CLAIM

COMES NOW, Cross-claimant, MIRA MESA MARKETPLACE WEST, LLC. and alleges causes of action as follows:

## FIRST CAUSE OF ACTION

**(Express Indemnity as to Cross-Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 and Roes 1-30)**

1. Cross-claimant MIRA MESA MARKETPLACE WEST, LLC, (hereinafter "Cross-claimant"), is a limited liability corporation organized under the laws of the state of California. Cross-claimant owns and leases certain commercial premises in a shopping center entitled Mira Mesa Marketplace located on Westview Parkway in San Diego, California.

2. Cross-defendant, HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679

1  (hereinafter "Cross-claimant") is a corporation maintaining which leases from Cross-claimant a
2  commercial premises and operated retail store entitled Home Depot in the Mira Mesa
3  Marketplace shopping center on Westview Parkway in San Diego, California.

4      3    The true names and capacities, whether individual, corporate, associate or
5  otherwise of cross-defendants designated herein as Roes 1 through 30, inclusive, are unknown to
6  Cross-claimant, who therefore, sues the cross-defendants by fictitious names.  Cross-claimant is
7  informed and believes and thereon alleges that each of the cross-defendants designated herein as
8  Roe is in some manner legally responsible for the events and happenings herein referred to and
9  when the names of the cross-defendants are ascertained, Cross-claimant will seek leave of Court
10  to amend this Cross-complaint to reflect their true names and capacities.

11      4.    Cross-Defendants, and each of them, have entered into an written commercial
12  lease agreements wherein Cross-defendants expressly agreed to indemnify and hold harmless
13  Cross-claimant from and against any and all damages or liability arising from the Cross-
14  defendants use of the premises, conduct related to Cross-defendants' business activities,
15  including any portion of the common areas use by cross-defendants including compliance with
16  the requirements of the American with Disabilities Act.

17      5.    Cross-defendants, and each of them, breached said agreement by failing to
18  indemnify and defend Cross-claimant in connection with the underlying litigation.

19      6.    Cross-claimant  has incurred and continues to incur necessary and reasonable
20  attorneys fees and other legal costs.  By the terms of the agreement Cross-claimant is entitled to
21  recover these fees and costs from cross-defendants.  Cross-claimant does not know the full
22  amount of damages claimed by Plaintiff or the amount of attorneys fees and costs and will move
23  to amend this cross-claim when the amount becomes known.

24  **SECOND CAUSE OF ACTION**

25  (**Implied Indemnity against Cross-Defendant HOME DEPOT U.S.A., INC. d.b.a. THE**
26  **HOME DEPOT #6679 and Roes 1-30)**

27      7.    Cross-claimant incorporates by this reference each and every allegation of the
28  First Cause of Action as though fully set forth herein.

8.  At all times pertinent to this action, each of the cross-defendants were the agents or employees of each of the remaining cross-defendants and were at all times acting within the scope of that agency or employment.

9.  Plaintiff herein caused to be filed his Complaint, alleging that Cross-claimant, among others, was negligent, or otherwise at fault, and that said negligence and/or fault proximately resulted in Plaintiff's alleged damages. The Complaint is incorporated by reference for the purpose of showing the allegations against Cross-claimant. Cross-claimant answered the Complaint, which Answer is incorporated herein by this reference.

10.  Cross-claimant believes that if it is found negligent in any manner proximately causing any damage to Plaintiff herein, that said negligence on the part of Cross-claimant is only passive and secondary and that the negligence on the part of Cross-defendants, and each of them, is active and primary. By reason of Cross-defendants' active and primary negligence, Cross-claimant is entitled to be indemnified and held harmless from any judgment in favor of Plaintiff and against said Cross-claimant, together with costs, expenses, pre and post-judgment interest and attorneys' fees incurred by this Cross-claimant in the defense of Plaintiff's Complaint, and also in the prosecution of this Cross-complaint.

## THIRD CAUSE OF ACTION

**(Contribution against Cross-Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 and Roes 1-30)**

11.  Cross–complainant incorporates by this reference each and every allegation of the First and Second Causes of Action as though fully set forth herein.

12.  Cross-claimant denies, and continues to deny, that Cross-claimant was in any way negligent or otherwise at fault, whether as alleged in Plaintiff's Complaint or otherwise, or that any acts of Cross-claimant proximately resulted in injury or damage to Plaintiff whether as alleged in the Complaint herein, or otherwise.

13.  However, in the event that Cross-claimant is held liable to Plaintiff herein, for said injuries and damages, then Cross-claimant alleges that Cross-defendants, and each of them, are also negligent and/or otherwise at fault in causing Plaintiff's injuries, if any, and that the

conduct of said Cross-defendants was a concurrent proximate cause with that of this Cross-claimant.

14. By reason of the foregoing, Cross-claimant is entitled to partial indemnify and/or contribution from Cross-defendants, and each of them, in proportion to the negligence and/or fault of Cross-defendants, and each of them.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief against Cross-Defendant HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679 and Roes 1-30)**

15. Cross-claimant incorporates by this reference each of every allegation of the First, Second and Third Causes of Action as though fully set forth herein.

16. An actual controversy exists between the Cross-claimant and Cross-defendants, and each of them, in that Cross-claimant contends that Cross-defendants, and each of them, are obligated to indemnify and defend the Cross-claimant. Cross-claimant alleges that Cross-defendants, and each of them, make contentions to the contrary.

17. Cross-claimant requests a judicial declaration of the rights, responsibilities and obligations of the Cross-defendants, and each of them, to the Cross-claimant.

WHEREFORE, Cross-claimant prays for judgment against Cross-defendants as follows:

1. If it be found that Cross-claimant, or any of them, are liable for the judgment in favor of Plaintiffs herein, that judgment in the same amount be rendered in favor of Cross-claimants and against Cross-defendants.

2. For an Order of this Court that Cross-claimant is entitled to full indemnity from Cross-defendants, and each of them, for any settlement or compromise entered into by Cross-claimant, or for any judgment entered against Cross-claimant;

3. For a declaration of the respective liability, responsibility and/or negligence, if any of Cross-claimant and Cross-defendants, and each of them, for the alleged loss, injury, damage, or detriment suffered by Plaintiff;

4. For attorney's fees, investigation costs, Court costs, pre and post-judgment interest, and any other expenses according to proof;

1  5. For such other and further relief as the Court deems proper.

3  Dated: May 15, 2008                    MILBERG & DE PHILLIPS

                                          */s/ Timothy G McNulty*
                                    By: _____
                                          Timothy G. McNulty
                                          Attorneys for Defendant, MIRA MESA
                                          MARKETPLACE WEST, LLC
                                          Email: tmcnulty@surflaw.net