UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOME DEPOT U.S.A., INC., etc.; et al., | Case No. 08-CV-0046-JM (JMA) <br><br> **ORDER FOLLOWING TELEPHONIC CASE MANAGEMENT CONFERENCE AND SETTING SETTLEMENT CONFERENCE** |

On June 4, 2008, the Court conducted a telephonic Case Management Conference. Counsel for the parties appeared for the conference. Judge Adler will conduct a Settlement Conference on **August 4, 2008** at **10:00 a.m.** in his chambers, Room 1165, U.S. Courthouse, 940 Front Street, San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference,** shall be prepared to discuss the claims and defenses, and shall be legally

and factually prepared to discuss and resolve the case at the Settlement Conference.  **The individual(s) present at the Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Settlement Conference as required will result in the immediate imposition of sanctions.**

All conference discussions will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

Based upon the Court's familiarity with cases brought pursuant to the Americans with Disabilities Act, and in the interest of promoting the just, efficient, and economical determination of this action, the Court issues the following

orders:

1. All discovery shall be stayed in this case until after the Federal Rule of Civil Procedure 26(f) conference;

2. **Twenty-one (21) days** prior to the Settlement Conference (not later than July 14, 2008), Plaintiff's(s') counsel shall lodge with Magistrate Judge Adler's chambers, and serve on opposing counsel, a statement <u>not in excess of two pages</u>, including the following information:

   (a) An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act. A recitation of regulations, by number, will not satisfy this requirement. The claimed violations must be specifically described.

   (b) A statement of the amount and category of damages claimed by Plaintiff(s) in this action.

   (c) The amount claimed for attorneys' fees and costs; and

   (d) The Plaintiff's(s') demand for settlement of the case in its entirety.

3. **Fourteen (14) days** prior to the Settlement Conference (not later than July 21, 2008), counsel for the parties shall meet and confer regarding settlement of:

   (a) The premises violations alleged; and

   (b) Damages, costs, and attorneys' fees claims.

4. **Seven (7) days** prior to the Settlement Conference (not later than July 28, 2008), counsel shall lodge with Magistrate Judge Adler's chambers a <u>joint statement</u> advising the Court of the status of settlement negotiations and setting forth all

issues in dispute, including property issues, Plaintiff's(s') alleged damages, and the claim for attorneys' fees and costs, along with a description of any settlement demands and/or offers exchanged.

5. The statements required to be lodged with the undersigned's chambers may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

6. Plaintiff's(s') counsel shall be prepared to present to the Court for *in camera* review at the Settlement Conference documentation supporting the amount of attorneys' fees and costs claimed.

Rule 26 of the Federal Rules of Civil Procedure shall apply to this case. In the event the case does not settle at the Settlement Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1) to the initial disclosure provisions of Rule 26(a)(1)(A-E);

2. The scheduling of the Rule 26(f) conference;

3. The date of initial disclosures and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a Case Management Conference pursuant to Rule 16(b).

Plaintiff's(s') counsel shall give notice of the Settlement Conference to parties responding to the complaint after June 1,

2008.

Questions regarding this case may be directed to the Magistrate Judge's law clerk at (619) 557-5585.

**IT IS SO ORDERED.**

DATED:   June 4, 2008

Jan M. Adler
U.S. Magistrate Judge