GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL J. CHILLEEN (SBN 210704)
ALANA R. CHO (SBN 254730)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hurleyg@gtlaw.com; chilleenm@gtlaw.com; choa@gtlaw.com

Attorneys for Cross-Defendant
HOME DEPOT U.S.A., INC.
d.b.a. THE HOME DEPOT # 6679

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. dba THE HOME DEPOT # 6679; MIRA MESA MARKETPLACE WEST, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08CV 0046 JM JMA<br><br>**ANSWER OF HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT # 6679 TO CROSS-COMPLAINT FILED BY MIRA MESA MARKETPLACE WEST, LLC** |
| MIRA MESA MARKETPLACE WEST, LLC.<br><br>Cross-claimant,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT # 6679 AND ROES 1 THROUGH 30, Inclusive<br><br>Cross-defendants. | |

Answer of Cross-Defendant Home Depot U.S.A., Inc. to Mira Mesa's Cross-Complaint
Case No. 08 CV 0046 JM JMA

286,293,922v2  072031.012700

Cross-Defendant Home Depot U.S.A., Inc. d.b.a. The Home Depot # 6679 ("Cross-Defendant") hereby answers the Cross-Complaint filed by Defendant and Cross-Claimant Mira Mesa Marketplace West, LLC ("Cross-Claimant") (the "Cross-Complaint") as follows:

1.  Answering paragraph 1 of the Cross-Complaint, paragraph 1 contains legal conclusions and legal argument that Cross-Defendant is not required to admit or deny.  To the extent that a response is necessary, Cross-Defendant admits the averment contained in the second sentence of paragraph 1, on page 13 at lines 26-27 (13:26-27), that Cross-Claimant owns and leases commercial premises in a shopping center entitled Mira Mesa Marketplace located at Westview Parkway in San Diego, California. Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 1, and on that basis denies them.

2.  Answering paragraph 2 of the Cross-Complaint, Cross-Defendant admits the averments contained in paragraph 2.

3.  Answering paragraph 3 of the Cross-Complaint, Cross-Defendant admits only the averments in the first sentence of paragraph 3 at 14:6 that Cross-claimant has sued Roes 1 through 30 by fictitious names.  Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments in paragraph 3, and on that basis denies them.

4.  Answering paragraph 4 of the Cross-Complaint, paragraph 1 contains legal conclusions and legal argument that Cross-Defendant is not required to admit or deny.  To the extent that a response is necessary, Cross-Defendant admits only the averments contained in the first sentence of paragraph 4, on page 14 at lines 11 to 12 (14:11-12), that Cross-Defendant has "entered into a written commercial lease agreement." Cross-Defendant denies the other averments contained in paragraph 4.

5.  Answering paragraph 5 of the Cross-Complaint, Cross-Defendant denies each and every averment contained in paragraph 5.

6.  Answering paragraph 6 of the Cross-Complaint, Cross-Defendant denies each and every averment contained in the first two sentences of paragraph 6.  Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments in paragraph 6, and on that basis denies them.

/ / /

7. Answering paragraph 7 of the Cross-Complaint, Cross-Defendant re-alleges and incorporates herein by this reference paragraphs 1 through 6 of this Answer as set forth above.

8. Answering paragraph 8 of the Cross-Complaint, paragraph 8 contains legal conclusions and legal argument that Cross-Defendant is not required to admit or deny. To the extent that a response is necessary, Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8, and on that basis denies them.

9. Answering paragraph 9 of the Cross-Complaint, paragraph 9 contains legal conclusions and legal argument that Cross-Defendant is not required to admit or deny. To the extent that a response is necessary, Cross-Defendant admits the averments contained in the first sentence of paragraph 9, on page 15 at line 4 (15:4), that Plaintiff filed a complaint, and the averments contained in the second sentence of paragraph 9, on page 15 at lines 7 to 8 (15:7-8), that "Cross-claimant answered the Complaint." Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in paragraph 9, and on that basis denies them.

10. Answering paragraph 10 of the Cross-Complaint, Cross-Defendant denies each and every averment contained in paragraph 10.

11. Answering paragraph 11 of the Cross-Complaint, Cross-Defendant re-alleges and incorporates herein by this reference paragraphs 1 through 10 of this Answer as set forth above.

12. Answering paragraph 12 of the Cross-Complaint, Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12, and on that basis denies them

13. Answering paragraph 13 of the Cross-Complaint, Cross-Defendant denies each and every averment contained in paragraph 13.

14. Answering paragraph 14 of the Cross-Complaint, Cross-Defendant denies each and every averment contained in paragraph 14.

15. Answering paragraph 15 of the Cross-Complaint, Cross-Defendant re-alleges and incorporates herein by this reference paragraphs 1 through 14 of this Answer as set forth above.

16. Answering paragraph 16 of the Cross-Complaint, paragraph 16 contains legal conclusions and legal argument that Cross-Defendant is not required to admit or deny. To the extent

that a response is necessary, Cross-Defendant denies the averments contained in the first sentence of paragraph 16, on page 16 at line 13 (16:13) that Cross-Defendant is "obligated to indemnify and defend the Cross-Claimant." Cross-Defendant admits the averments contained in the second sentence of paragraph 16, on page 16 at lines 13 to 14 (16:13-14), that Cross-Defendant is not obligated to indemnify and defend Cross-Claimant. As to the remaining averments in paragraph 16, Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them

17. Answering paragraph 17 of the Cross-Complaint, Cross-Defendant acknowledges only that Cross-Claimant requests a judicial declaration of rights, responsibilities, and obligations. As to the remaining averments in paragraph 17, Cross-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments, and on that basis denies them

## AFFIRMATIVE DEFENSES

18. As separate and affirmative defenses, Cross-Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

19. The Cross-Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Standing)

20. Cross-Claimant lacks standing to pursue its alleged claims.

### THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

21. Cross-Claimant is barred from pursuing its alleged claims because it is barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
(Effective Access)

22. The purported architectural barriers provide effective access to the Plaintiffs.

///

**FIFTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Were Not Readily Achievable)

23. Any allegedly wrongful acts or omissions performed by Cross-Defendant or its agent, if there were any, do not subject Cross-Defendant to liability because the removal of the alleged architectural barriers was not readily achievable.

**SIXTH AFFIRMATIVE DEFENSE**

(Full Compliance Is Structurally Impracticable)

24. Any allegedly wrongful acts or omissions performed by Cross-Defendant or its agents, if there were any, do not subject Cross-Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would be Readily Accessible To the Maximum Extent Feasible)

25. Any allegedly wrongful acts or omissions performed by Cross-Defendant or its agents, if there were any, do not subject Cross-Defendant to liability because any and all alterations to the facility, if any, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

**EIGHTH AFFIRMATIVE DEFENSE**

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function Is Disproportionate to the Cost of the Overall Alteration)

26. Any allegedly wrongful acts or omissions performed by Cross-Defendant or its agents, if there were any, do not subject Cross-Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

**NINTH AFFIRMATIVE DEFENSE**

(Cross-Defendant Provided Services Via Alternative Methods)

27. Any allegedly wrongful acts or omissions performed by Cross-Defendant or its agents, if there were any, do not subject Cross-Defendant to liability because Cross-Defendant accommodated Plaintiffs' alleged disabilities by providing services via alternative methods other than the removal of

286,293,922v2  072031.012700

alleged architectural barriers.

## TENTH AFFIRMATIVE DEFENSE

(Recovery of Prevailing Party Attorney's Fees)

28. Pursuant to 42 U.S.C. § 12205, in the event that Cross-Defendant prevail in this action, Cross-Defendant should be awarded its reasonable attorney's fees and costs incurred in the defense of this action.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege)

29. Cross-Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## TWELFTH AFFIRMATIVE DEFENSE

(Building Permits)

30. The Cross-Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Undue Burden)

31. Insofar as the Cross-Defendant has not made the alterations to the facility at issue, which Plaintiffs contend should have been made, those changes were not and are not required under federal law and any requirements to make those changes would impose an undue burden upon Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

32. Cross-Claimant is estopped by its conduct from recovering any relief under the Cross-Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver)

33. Cross-Claimant's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

34.  Cross-Claimant failed to properly mitigate its alleged damages and therefore is precluded from recovering those alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

35.  Cross-Claimant's alleged claim is barred, in whole or in part, because of its failure to name an indispensable party or parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

36.  Cross-Claimant's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Cross-Claimant's claims may be barred cannot be determined until Cross-Defendant has an opportunity to complete discovery. Therefore, Cross-Defendant incorporates all such affirmative defenses as though fully set forth herein.

## NINETEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

37.  The Cross-Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Cross-Defendant because any actions taken with respect to Plaintiffs or Cross-Claimants were for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Damages)

38.  Cross-Defendant informed and believes and based thereon alleges that Cross-Claimant has not suffered any damage as a result of any actions taken by Cross-Defendant, and Cross-Claimant is thereby barred from asserting any claim against Cross-Defendant.

/ / /

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Good Faith)

39. Cross-Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Cross-Claimant is barred, in whole or in part, from any recovery in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

40. Cross-Claimant's alleged damages and the occurrences alleged in the Cross-Complaint were caused by the negligence and/or fault of other persons or entities, including Cross-Complainant, whether or not parties to this action, and Cross-Defendant's alleged liability should be reduced accordingly.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Concurrent Jurisdiction)

41. Cross-Defendant alleges that Cross-Claimant's claims are barred under the doctrine of concurrent jurisdiction.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Res Judicata)

42. Cross-Defendant alleges that Cross-Claimant's claims are barred under the doctrine of res judicata.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Another Action Pending)

43. Cross-Defendant alleges that Cross-Claimant's claims are barred because there is another action pending between the same parties on the same causes of action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Consent)

44. Cross-Claimant consented to the alleged acts of Cross-Defendant and is therefore barred from obtaining the recovery requested, or any recovery at all, from Cross-Defendant.

///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Discharge of Obligations)

45. Each and every cause of action alleged against Cross-Defendant is barred, in whole or in part, because Cross-Claimant has complied with and performed fully any and all obligations imposed upon them by law, contract, or equity, and any obligation owed to Cross-Claimant has been satisfied, released or otherwise discharged.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Prior Material Breach)

46. Any performance required of Cross-Defendant under any agreement was excused by virtue of Cross-Claimant's failure to perform in a substantial manner or in a reasonable time, various covenants, promises, representations and conditions that were a precondition to any obligation on the part of Cross-Defendant, and Cross-Claimant is therefore estopped from asserting any such agreement against Cross-Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Mistake)

47. Any performance required of Cross-Defendant under any agreement was excused by virtue of Cross-Defendant entering into the agreement under a mistaken belief which was material and went to the heart of the agreement.

## THIRTIETH AFFIRMATIVE DEFENSE

(Ratification)

48. Each and every cause of action alleged against Cross-Defendant is barred, in whole or in part, by the doctrine of ratification.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Accord and Satisfaction/Novation)

49. Each and every cause of action alleged against Cross-Defendant is barred, in whole or in part, by the doctrine of accord and satisfaction and novation.

/ / /

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

50. Each and every cause of action alleged against Cross-Defendant is barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Not Ripe)

51. Each and every cause of action alleged against Cross-Defendant failed because they are not ripe.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

52. Cross-Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

### PRAYER

WHEREFORE, Cross-Defendant prays that this Court enter a judgment as follows:

1. That the Cross-Complaint be dismissed with prejudice and that judgment be entered in favor of Cross-Defendant;

2. That Cross-Claimant take nothing by way of its Cross-Complaint;

3. That Cross-Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney fees; and

4. For such further and other relief as the Court may deem just and proper.

DATED: August 11, 2008                    GREENBERG TRAURIG, LLP


                                          By /s/Alana R. Cho
                                          GREGORY F. HURLEY
                                          MICHAEL J. CHILLEEN
                                          ALANA R. CHO
                                          Attorneys for Defendant
                                          Home Depot U.S.A., Inc.
                                          E-mail: hurleyg@gtlaw.com; chilleenm@gtlaw.com; choa@gtlaw.com

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On August 11, 2008, I served the **ANSWER OF HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT # 6679 TO CROSS-COMPLAINT FILED BY MIRA MESA MARKETPLACE WEST, LLC** with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Pinnock & Wakefield, APC<br>Theodore A. Pinnock<br>David C. Wakefield<br>Michelle L. Wakefield<br>3033 Fifth Avenue, Suite 410<br>San Diego, CA 92103<br>Email: theodorepinnock@pinnockwakefieldlaw.com;<br>davidwakefield@pinnockwakefieldlaw.com;<br>michellewakefield@pinnockwakefieldlaw.com; | Counsel for Plaintiffs<br><br>OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS, and Diane Cross, as an individual |
| Milberg and De Phillips, P.C.<br>2163 Newcastle Avenue, Suite 200<br>Cardiff, California, 92007<br>Timothy G. McNulty<br>E-mail: tmcnulty@surfnet.com | Counsel for Cross-Defendant and Cross-claimant<br><br>MIRA MESA MARKETPLACE WEST, LLC |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2008, at Irvine, California.

/s/Alana R. Cho
ALANA R. CHO