**PINNOCK & WAKEFIELD, A.P.C.**
Michelle L. Wakefield, Esq. Bar #:   200424
David C. Wakefield, Esq.   Bar #:  185736
Theodore A. Pinnock, Esq.   Bar #:  153434
7851 Mission Center Court, Suite 310
San Diego, CA  92108
Telephone: (619) 858-3671
Facsimile: (619) 858-3646
Attorneys for Plaintiffs

GREENBERG TRAURIG, LLP
Gregory F. Hurley (SBN 126791)
Michael J. Chilleen (SBN 210704)
Alana R. Cho (SBN 254730)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
E-mail Address: hurleyg@gtlaw.com; choa@gtlaw.com; ChilleenM@gtlaw.com
Attorneys For DEFENDANT HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679

Timothy G. McNulty, Esq.
MILBERG & DE PHILLIPS, P.C.
2163 Newcastle Avenue, Suite 200
Cardiff by the Sea, California 90027
Telephone: (760) 943-7103
Facsimile: (760)  943-6750
E-mail Address: tmcnulty@surflaw.net
Attorney For DEFENDANT MIRA MESA MARKETPLACE WEST, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>     Plaintiffs,<br>   v.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC; AND DOES 1 THROUGH 10, Inclusive,<br><br>     Defendants. | Case No.: 08cv0046 JM (JMA)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Telephonic Case Management Conference**<br><br>**Date: September 17, 2008**<br>**Time:  9:30 A.M.**<br>**Judge: Magistrate Jan M. Adler** |

**TO THE HONORABLE COURT**:

1

The parties, through their attorneys of record, after having conferred pursuant to Rule 26(f), hereby submit their Joint Rule 26(f) Report as follows:

**1.   SYNOPSIS OF CASE.**

 (a) Claims.

Plaintiffs allege that Plaintiff Diane Cross was denied equal access to Defendants' public accommodation facilities.  Plaintiff Diane Cross is a qualified person with disability within the definition of the ADA.  The principal factual and legal issues in dispute: 1) Whether Plaintiff Diane Cross was denied equal access; 2)  Whether Defendants' facilities comply with the ADA; and 3)  Whether Plaintiffs are entitled to injunctive relief pursuant to their federal and California claims.  Plaintiffs presently know of no other factual issues that remain unresolved.  At this time, Plaintiffs do not intend to join additional parties.

Plaintiffs bring the following claims as set forth in the complaint:  Denial of full and Equal Access, Failure to Remove Architectural Barriers, and Failure to Modify Practices, Policies and Procedures under the Americans with Disabilities Act of 1990.

 (b) Defenses.

Defendant Home Depot ("Defendant") disputes all of Plaintiffs' claims and that Plaintiffs are entitled to any injunctive relief or damages.  Defendant's defenses against Plaintiffs include all defenses asserted in Defendant's Answer to Plaintiff's First Amended Complaint.  In addition, Defendant's defenses against cross-complainant Mira Mesa Marketplace West, LLC ("Cross-Complainant") include all defenses asserted in Defendant's Answer to Cross-Complainant's Cross-Complaint/First Amended Answer.

**2.   COMPLEXITY OF CASE.**

The parties agree that the case is not complex.

**3.   KEY LEGAL ISSUES.**

<u>Plaintiffs</u>:  Plaintiffs assert that the underlying issue in the case is whether the property

and business located thereon provides equal access to members of the disability community pursuant to applicable state and federal laws precluding disability discrimination.

<u>Defendant</u>: Defendant asserts that the issues are limited to only the specific alleged violations of federal law Plaintiff Diane Cross has identified in her First Amended Complaint and claims to have encountered at Home Depot Store # 6679. Because this Court has already dismissed Plaintiffs' state law claims, Defendant disagrees with Plaintiffs' assertion that whether Defendant has provided equal access to members of the disabled community under state law is at issue.

**4.   PROVABLE DAMAGES.**

<u>Plaintiffs</u>: Since Plaintiffs state causes of action for injunctive relief and damages are pending in State Court, Plaintiffs only seek injunctive relief pursuant to federal claims. Plaintiffs' federal claims also permit recovery of attorney fees and costs.

<u>Defendant</u>: Defendant asserts that Plaintiffs should be required to disclose the amount of Plaintiffs' demand for fees and costs and any underlying documentation. Defendant further asserts that Plaintiffs are not entitled to recover any fees or costs, whether in connection with this action or the parallel state court litigation.

**5.   INSURANCE COVERAGE.**

The parties are not aware of any insurance coverage.

**6.   LIKELIHOOD OF MOTIONS (Parties, Venue, Claims).**

<u>Plaintiffs</u>: At the minimum, Plaintiffs contemplate a motion for an amended complaint following discovery, summary judgment and/or summary adjudication of certain issues.

<u>Defendant</u>:

At a minimum, Defendant contemplates a motion for summary judgment and/or motion for summary adjudication. In addition, Defendant and Cross-Complainant anticipate a joint motion to dismiss Cross-Complainant from this action.

**7.   DISCOVERY AND EXPERTS.**

The parties will complete their initial disclosure requirements on or before September 10, 2008 and will supplement as necessary. The parties do not anticipate exceeding limitations on the quantity or types of discovery permitted by the federal rules of civil procedure. The timing and types of discovery initially contemplated are outlined below:

   (a) <u>Plaintiffs' Discovery</u>.

Plaintiffs shall seek discovery of any matter that supports Plaintiffs' claims or defendants claimed defenses. Plaintiffs do not believe that discovery need be done in phases. In addition to written discovery and depositions, Plaintiffs shall conduct a formal site inspection of the premises by their expert. Plaintiffs intend to engage in the following discovery in the approximate time frame as set forth:

   (i)  Request for Production of Documents, Interrogatories, Requests for Admissions. September 2008 – November 2008.

   (ii) Formal Site Inspection by Expert.  September 2008 – November 2008. The scope of the inspection will include any access barriers that would be a barrier that relates to this plaintiff's disability. *Doran v 7-Eleven Inc,* 2007 U.S.App.Lexis 26143 (9th Cir, November 9, 2007).

   (iii) Deposition of Defendants & Defendants' Experts.  September 2008 – November 2008.

   (iv) Follow up written discovery.  October 2008 – December 2008.

Following an initial phase of discovery, Plaintiffs anticipate engaging in additional follow-up discovery efforts. Plaintiffs therefore reserve the right to conduct the depositions of additional individuals as is appropriate during the course of discovery. Plaintiffs also reserve the right to conduct the depositions of expert witnesses Defendants have consulted or which they expect to call and to propound such further discovery as is warranted, including interrogatories, requests for admission, and demands for production.

   (b) <u>Defendant</u>

Defendant anticipates that it will engage in the following discovery with Plaintiffs Deposition of Plaintiff Diane Cross, Requests for Production of Documents, Special and/or Form Interrogatories, Requests for Admissions and follow-up written discovery. Defendant anticipates that it will conduct the above discovery within approximately eight to nine months following the

4

Rule 26(f) conference currently set for September 17, 2008.  Defendant reserves the right to conduct the depositions of additional individuals as is appropriate during the course of discovery, including any expert witness with whom Plaintiffs consult or designate in connection with this litigation.  Defendant does not anticipate but reserves the right seek discovery from Cross-Complainant.

**8.    LAW AND MOTION.**

<u>Plaintiffs</u>:  Plaintiffs anticipate that all potentially dispositive motions should be filed by the proposed Pre-Trial Motion Cut Off date listed below.   Plaintiffs specifically contemplate the motions addressed in Paragraph 6.

<u>Defendant</u>:  Defendant anticipates that all potentially dispositive motions should be filed by Defendant's proposed Pre-Trial Motion Cut Off date listed below.  Defendant specifically contemplates the motions addressed in Paragraph 6.

**9.    SETTLEMENT.**

Plaintiffs previously proposed a basis of settlement via letter and engaged in a non-fruitful Early Neutral Evaluation Conference.  All the parties are currently apart on settlement.

**10.    ESTIMATE OF TIME REQUIRED FOR TRIAL.**

<u>Plaintiffs</u>:  The trial will be by jury.  Plaintiffs preliminarily estimate the length of trial to be 5-7 days.

<u>Defendant</u>:  Defendant estimates the length of trial to be 3-5 days.

**11.    OTHER ISSUES.**

The parties do not believe that any other issues exist at this time.

**12.    ELECTION TO PROCEED BEFORE MAGISTRATE.**

The parties do not consent to have a Magistrate Judge preside over this case.

**13.   PROPOSED SCHEDULE OF PRETRIAL DATES.**

(a)   Plaintiffs' proposed trial and pretrial deadlines are outlined below:

| | |
|---|---|
| Join Additional Parties and/or Amend Pleadings | November 3, 2008 |
| Non-Expert Discovery Cutoff | March 4, 2009 |
| Pre-Trial Motion Cutoff | May 6, 2009 |
| Trial Date (anticipate 3-5 days) | July 27, 2009 |

(b)   Defendant's proposed trial and pretrial deadlines are outlined below:   Defendant proposes that trial be held in September 2009.  Defendant further proposes that the Court set the pre-trial motion cutoff in June 2009 and the non-expert discovery cutoff in April 2009.

Respectfully submitted:

Dated: September 10, 2008

**PINNOCK & WAKEFIELD, A.P.C.**

By:   /s/ David C. Wakefield
David C. Wakefield, Esq.
Michelle L. Wakefield, Esq.
Attorney for Plaintiffs
Emails:
DavidWakefield@pinnockwakefieldlaw.com;
MichelleWakefield@pinnockwakefieldlaw.com

**GREENBERG TRAURIG, LLP**

Dated: September 10_, 2008

By:   /s/      Alana R. Cho
Gregory F. Hurley, Esq.
Alana R. Cho, Esq.

6

OC 286306681v2 9/7/2008

Case#: 08cv0046 JM (JMA)
Joint Rule 26(f) Report

                        Michael J. Chilleen, Esq.
                        Attorneys for Defendant HOME DEPOT U.S.A., INC.
                        E-mails: HurleyG@gtlaw.com
                                  ChoA@gtlaw.com
                                  ChilleenM@gtlaw.com

                        **MILBERG & DE PHILLIPS**

Dated: _September 10_, 2008

                 By:    /s/ Timothy G. McNulty_____
                          Timothy G. McNulty, Esq.
                          Attorney for Defendant MIRA MESA MARKETPLACE WEST, LLC
                          E-mail: tmcnulty@surflaw.net