UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; et al., | Case No. 08-CV-0046-JM (JMA) |
| Plaintiffs, | **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |
| v. | (Fed. R. Civ. P. 16) (Local Rule 16.1) |
| HOME DEPOT U.S.A., INC., etc.; et al., | (Fed. R. Civ. P. 26) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on September 17, 2008 at 9:30 a.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **November 7, 2008**.

2.   A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **January 7, 2009** at **9:30 a.m.**

08cv0046

Counsel for each party shall appear telephonically at this conference. The Court will initiate the conference call.

3. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 20, 2009**. Any contradictory or rebuttal information shall be disclosed on or before **April 17, 2009.** In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All discovery, other than expert discovery, shall be completed by all parties on or before **February 20, 2009**. All expert discovery shall be completed by all parties on or before **May 15, 2009**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. **All disputes concerning discovery shall be brought to the attention of Magistrate Judge**

08cv0046

1  **Adler no later than thirty (30) days following the date upon**
2  **which the event giving rise to the dispute occurred.  For oral**
3  **discovery, the event giving rise to the discovery dispute is the**
4  **completion of the transcript of the affected portion of the**
5  **deposition.  For written discovery, the event giving rise to the**
6  **discovery dispute is the service of the response.  Counsel are**
7  **required to meet and confer prior to contacting the Court**
8  **regarding all discovery disputes pursuant to the requirements of**
9  **Local Rules 16.5(k) and 26.1(a).**

10       5.   All motions, other than motions to amend or join
11 parties, or motions in limine, shall be _filed_ on or before **June**
12 **12, 2009**.[1]  Motions will not be heard or calendared unless
13 counsel for the moving party has obtained a motion hearing date
14 from the law clerk of the judge who will hear the motion.  **Be**
15 **advised that the period of time between the date you request a**
16 **motion date and the hearing date may be up to sixty (60) days.**
17 **Please plan accordingly.**  Failure of counsel to timely request a
18 motion date may result in the motion not being heard.

19       Briefs or memoranda in support of or in opposition to any
20 pending motion shall not exceed twenty-five (25) pages in length
21 without leave of the judge who will hear the motion.  No reply
22 memorandum shall exceed ten (10) pages without such leave of
23 court.

24       6.   A Mandatory Settlement Conference shall be conducted on
25 **September 1, 2009** at **10:00 a.m.** in the chambers of Magistrate

26

27       [1]Counsel should note that while historically motion cutoff
28 deadlines issued by this Court were deadlines for motion hearings, the
   motion cutoff dates now being issued establish deadlines for the
   parties to _file_ motions.

Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **August 25, 2009**.[2]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference.  <u>The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,</u>**

---

[2]Statements may be delivered directly to chambers, e-mailed to <u>efile_adler@casd.uscourts.gov</u>, or faxed to (619) 702-9939.

1    **270 F.3d 590, 596 (8th Cir. 2001)).**

2    Governmental entities may appear through litigation counsel

3    only. As to all other parties, appearance by litigation counsel

4    only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall</u>

5    <u>not</u> appear on behalf of a corporation as the party who has the

6    authority to negotiate and enter into a settlement. **The failure**

7    **of any counsel, party or authorized person to appear at the**

8    **Mandatory Settlement Conference as required will result in the**

9    **immediate imposition of sanctions.** All conference discussions

10   will be informal, off the record, privileged, and confidential.

11   7.    If Plaintiff is incarcerated in a penal institution or

12   other facility, the Plaintiff's presence is not required at

13   conferences before Judge Adler, and the Plaintiff may appear by

14   telephone. In that case, defense counsel is to coordinate the

15   Plaintiff's appearance by telephone.

16   8.    The parties must comply with the pretrial disclosure

17   requirements of Fed. R. Civ. P. 26(a)(3) no later than **September**

18   **18, 2009**.

19   9.    No Memoranda of Contentions of Fact and Law are to be

20   filed unless so ordered by the Court.

21   10.    Counsel shall confer and take the action required by

22   Local Rule 16.1(f)(4) on or before **September 25, 2009**.

23   11.    The Proposed Final Pretrial Conference Order, including

24   written objections, if any, to any party's Fed. R. Civ. P.

25   26(a)(3) pretrial disclosures, shall be prepared, served, and

26   lodged with the Clerk's Office on or before **October 2, 2009** and

27   shall be in the form prescribed in Local Rule 16.1(f)(6). Any

28   objections shall comply with the requirements of Fed. R. Civ. P.

08cv0046

1  26(a)(3).  **Please be advised that the failure to file written**

2  **objections to a party's pretrial disclosures may result in the**

3  **waiver of such objections, with the exception of those made**

4  **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

5  **or waste of time) of the Federal Rules of Evidence.**

6       12.   The final Pretrial Conference is scheduled on the

7  calendar of the Honorable Jeffrey T. Miller on **October 9, 2009** at

8  **8:30 a.m.**  The trial is scheduled to commence on

9  **November 9, 2009** at **10:00 a.m.**

10      13.   The dates and times set forth herein will not be

11  modified except for good cause shown.

12      14. Plaintiff's counsel shall serve a copy of this order on

13  all parties that enter this case hereafter.

14      **IT IS SO ORDERED.**

15  DATED:   September 17, 2008

16                                        _____

17                                        Jan M. Adler
                                          U.S. Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

08cv0046