**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS, and DIANE CROSS, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. d.b.a. THE HOME DEPOT #6679; MIRA MESA MARKETPLACE WEST, LLC, and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO. 08-CV-0046<br><br>ORDER GRANTING MOTION TO AMEND |

Plaintiffs Outerbridge Access Association, suing on behalf of Diane Cross, and Diane Cross, as an individual ("Plaintiffs"), filed this action on January 8, 2008 against Home Depot U.S.A., Inc. d.b.a. The Home Depot #6679 and Mira Mesa Marketplace West, LLC ("Defendants") alleging discriminatory practices in public accommodations in violation of the Americans with Disabilities Act ("ADA"). On September 30, 2008, Plaintiffs moved for leave to amend the First Amended Complaint ("FAC"). Defendants oppose the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court hereby **GRANTS** Plaintiffs' motion for leave to amend the FAC.

**I.     BACKGROUND**

    **A.     Factual Background**

On January 26, 2007, Plaintiff Diane Cross went to Defendants' public accommodation facilities known as HOME DEPOT U.S.A., Inc. d.b.a. THE HOME DEPOT #6679 located at 10604 Westview Parkway, Mira Mesa, California 92126. (FAC ¶ 8). When Plaintiff patronized Defendants' facilities, she allegedly was unable to use/ or had difficulty using the public accommodations' facilities including but not limited to the service counters, cashier checkout aisle, and women's restroom facilities, because they were not accessible on account of alleged violations of the American with Disabilities Act Access Guidelines for Building and Facilities ("ADAAG"). (FAC ¶ 8).

Plaintiff Diane Cross is a member of the Outerbridge Access Association, an organization that advocates on behalf of its members with disabilities when their civil rights and liberties have been violated. (FAC ¶ 7). Plaintiff has physical impairments, and due to these physical impairments, she has learned to successfully operate a wheelchair. (FAC ¶ 7).

    **B.     Procedural Background**

On January 8, 2008, the Plaintiffs filed a complaint against Defendants Home Depot U.S.A., Inc. and Mira Mesa Market Place West, Inc. alleging discriminatory practices in public accommodations, claims under Americans with Disabilities Act of 1990, failure to make alterations as well as claims under California Accessability Laws. On February 11, 2008, Defendant Home Depot filed an answer to Plaintiffs' complaint. On February 12, 2008, Defendant Mira Mesa Marketplace West filed a motion to dismiss the state law claims, to which Defendant Home Depot filed a joinder. On March 5, 2008, Plaintiffs filed a motion to amend the complaint to omit the state law claims and the class action allegations. On March 26, 2008, the court granted the motion to amend, and Plaintiffs filed their FAC on March 28, 2008. Plaintiff Diane Cross, as an individual, also filed an action in state court alleging the state law claims on March 28, 2008, and subsequently, on May 29, 2008, Mira Mesa filed a cross-complaint in the state action seeking indemnity from Home Depot.

On September 30, 2008, Plaintiffs filed their motion to amend the FAC. Plaintiffs request leave of court to file a Second Amended Complaint ("SAC") outlining additional architectural barriers located on the property and alleging an additional claim against the Defendants. Defendants oppose

1 the motion.

### C. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a). The court should grant leave to amend freely "when justice so requires." Id. Granting leave to amend rests in the sound discretion of the district court. Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party is the most important factor to consider. Jackson, 902 F.2d at 1387.

## II. DISCUSSION

Plaintiffs move for leave to amend to add additional architectural barriers allegations. Plaintiffs allege that since the building was designed and constructed later than thirty months after July 26, 1990, Plaintiffs desire to allege that the "new construction" standard applies to the property.

Defendants oppose the motion to amend on the ground that the amendment is prejudicial and made in bad faith. Defendants allege that in reliance on Plaintiffs' representations throughout the litigation, they undertook a joint defense of the action. As a result, counsel for Home Depot agreed to assume Mira Mesa's defense, and filed a substitution of attorney. Subsequently, Mira Mesa dismissed its cross-complaint against Home Depot.

Plaintiffs respond that their motion to amend is timely brought pursuant to the Case Management Order Regulating Discovery and Other Pre-trial Proceedings, dated September 17, 2008, and there was no delay on the part of the Plaintiffs if filing this motion.

Granting Plaintiffs leave to amend will not result in undue delay or great prejudice to Defendants. Since discovery was stayed until August 27, 2008, and the parties only recently began discovery in the case, it was reasonable for the Plaintiffs to discover new violations of the ADA and

1  to allege them in an amended complaint. Furthermore, even if the Plaintiffs did not allege the
2  additional ADA violations in the common areas of the shopping center, Mira Mesa, as the landlord
3  of Home Depot, would still be liable for the ADA violations inside the store. Pursuant to 42 U.S.C.
4  § 12182(a), ADA's prohibition of discrimination by public accommodations applies to "any person
5  who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).
6  While Defendants will suffer some inconvenience as a result of Plaintiffs' amended complaint, it was
7  the Defendants' decision to engage in a joint defense, despite their joint liability under the statutory
8  language. Given the liberal standard governing granting leave to amend, Plaintiffs' motion to amend
9  first amended complaint is **GRANTED.**

10  Plaintiffs are granted 20 days from the date of entry of this order to file the SAC.

11  **IT IS SO ORDERED.**

12  **DATED: December 5, 2008**

13  _____
14  **Hon. Jeffrey T. Miller**
    **United States District Judge**